511 So.2d 1109 (1987)
Willie WARD, Appellant,
v.
STATE of Florida, Appellee.
No. BO-292.
District Court of Appeal of Florida, First District.
September 3, 1987.
*1110 Michael E. Allen, Public Defender and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, and John W. Tiedemann, Asst. Attys. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The appellant appeals his final judgment and sentence, contending that the trial court erred in imposing, as a condition of probation, the requirement that the appellant pay child support per civil order. We hold that the trial court was justified in imposing such a condition, but that it erred in failing to make a determination of the appellant's ability to pay the ordered support.
The appellant was charged with aggravated battery by use of a deadly weapon on his estranged wife. He pled nolo contendere to the charge and was sentenced to six months' incarceration, followed by three years' probation. At the sentencing hearing, the trial court, upon ascertaining that the appellant was $3,000 behind on his child support payments, added as a condition of probation the requirement that he "[p]ay child support as per Civil Order."
The appellant argues that the condition requiring payment of child support is not reasonably related to the offense charged, and, therefore, is an invalid condition of probation. Section 948.03, Florida Statutes, however, expressly authorizes the sentencing court to impose nine conditions of probation in every case. In Bentley v. State, 411 So.2d 1361, 1365 (Fla. 5th DCA), rev. denied, 419 So.2d 1195 (Fla. 1982), the Fifth District held that the statute implies that there need be no relationship between these enumerated conditions and the particular crime for which the probationer stands convicted. One of the enumerated conditions, stated in section 948.03(1)(f), requires the probationer to "[s]upport his legal dependents to the best of his ability." The trial court's order, requiring the appellant to pay child support, is essentially synonymous with the obligation to support one's dependents. Because such a requirement can be imposed on any probationer under section 948.03, regardless of the crime charged, it is unnecessary that the condition of payment of child support be reasonably related to the appellant's conviction of aggravated battery with a deadly weapon.
We find that the trial court did err, however, in imposing a financial burden upon the appellant as a condition of probation without first making a determination of the appellant's present ability to pay his current child support in the amount of $3,000, as well as unpaid arrearages. See Goodling v. State, 482 So.2d 594 (Fla. 4th DCA 1986) (determination of defendant's ability to pay restitution is nondelegable judicial responsibility); Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984) (before payment schedule is adopted by court, defendant must be afforded the opportunity to be heard on his ability to comply therewith); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978) (in order to enforce order requiring payment of costs, court must find that defendant's financial condition is such that payment can be made). The order is therefore reversed for a determination by the trial court of whether the appellant has the present ability to pay both current and past due child support.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SMITH, C.J., and BOOTH, J., concur.