585 So.2d 397 (1991)
Patrick HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2776.
District Court of Appeal of Florida, First District.
August 27, 1991.
*398 Nancy A. Daniels, Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant challenges certain conditions of probation which were imposed upon his conviction for the offense of robbery. The requirement that the appellant pay costs associated with his participation in a work program was not orally pronounced at the time of sentencing. Although the judge indicated at sentencing that the appellant would have to pay a specified sum for "court costs," this assessment did not encompass a work program payment. Because this special condition of probation was not orally pronounced, it must be stricken from the written order. See Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989). However, we find that the further requirement that the appellant submit to blood, breathalyzer, and urinalysis examinations did not need to be orally pronounced, because it is authorized by section 948.03(1)(j), Florida Statutes.
In State v. Beasley, 580 So.2d 139 (Fla. 1991), the supreme court indicated that the notice requirements of procedural due process may be satisfied through the constructive notice afforded by the provisions of the Florida Statutes. Beasley involved an assessment of costs mandated by statute, but the principle applied in that case should also apply in the present case which involves a condition of probation allowed by statute. As in Beasley, the appellant in this case had adequate notice as to the possible consequences of his actions, and was provided an opportunity to be heard and to raise any objections at the sentencing hearing.
Because the requirement that the appellant submit to blood, breathalyzer, and urinalysis examinations accords with the provision of section 948.03(1)(j) for "random testing," it is a standard condition of probation, and under the rationale of Beasley it does not need to be orally pronounced. This standard condition may be imposed regardless of whether it is directly related to the circumstances of the appellant's offense, because it is one of the conditions which is made applicable to any probationer under section 948.03. See Ward v. State, 511 So.2d 1109 (Fla. 1st DCA 1987). Although some standard conditions may still depend on the circumstances of the offense (e.g., see section 948.03(1)(e), Florida Statutes, providing for restitution "for the damage or loss caused"), section 948.03(1)(j) is not limited in this manner.
Even though random drug testing is authorized by section 948.03(1)(j), in Seawright v. State, 572 So.2d 990 (Fla. 2d DCA 1990), it was described as a special condition of probation which needs to be orally pronounced. However, the opinion in Seawright does not refer to section 948.03(1)(j), and does not indicate whether this provision, which was adopted by chapter 88-122, *399 section 71, Laws of Florida, was applicable to the proceedings in that case.
The requirement that the appellant pay costs associated with his participation in a work program is stricken from the probation order. As so amended, the order is affirmed.
WIGGINTON and WOLF, JJ., concur.