667 So.2d 1014 (1996)
Clifton BROCK, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1481.
District Court of Appeal of Florida, First District.
February 15, 1996.
Rehearing Denied March 4, 1996.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
*1015 MICKLE, Judge.
Clifton Brock, the appellant, appeals from an order placing him on community control. In Issue I, he claims that the trial court erred by ordering random drug and alcohol testing where, he alleges, drug and alcohol use were not demonstrably related to the appellant's past criminal conduct or future criminality. We affirm as to this issue, on the authority of section 948.03(1)(k)(1), Florida Statutes (Supp.1994), and Hayes v. State, 585 So.2d 397 (Fla. 1st DCA), rev. den., 593 So.2d 1052 (Fla.1991), but we certify conflict with Nunez v. State, 633 So.2d 1146 (Fla. 2d DCA 1994). As to Issue II, we find reversible error in the imposition of a public defender's lien where the appellant was denied adequate notice and an opportunity to contest the amount thereof. § 27.56(7), Fla.Stat. (1993); Fla.R.Crim.P. 3.720(d)(1).
The appellant pled no contest to a charge of grand theft and was placed on probation. During his probationary period, the state filed an affidavit alleging multiple violations of probation, which the appellant admitted. His probation was revoked, and the trial court imposed a negotiated sanction of two years of community control. All the previous conditions of probation were reimposed, in addition to new Condition (12), which stated:
You will submit to urinalysis, breathalyzer or blood tests at any time requested by your Community Control officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs or controlled substances.
The appellant asserts on appeal that this condition is invalid, insofar as it proscribes the use of drugs (other than controlled substances) and alcohol, because it bears no relationship to past or future criminal conduct. His original offense is grand theft, and his violations of probation consist of 1) failure to submit written monthly reports, in violation of his Condition (1); 2) failure to report his current address and location, in violation of his Condition (3); and 3) failure to report to the Probation Office upon release from prison, in violation of his Condition (8).
Although new Condition (12) appears in the written final judgment imposing community control, it was not orally pronounced at the appellant's sentencing. In Hayes, 585 So.2d at 397, the defendant challenged a written condition (requiring submission to blood, breathalyzer, and urinalysis examinations) on the basis that the trial court had not orally pronounced it. We concluded that Hayes had demonstrated no reversible error in that Florida defendants received constructive notice of this "random testing" condition in then section 948.03(1)(j), Florida Statutes, which is renumbered subsection (1)(k)(1) in the 1994 version of the statute applicable to the appellant. Given adequate notice and an opportunity to be heard and to raise objections at the sentencing hearing, Hayes presented no basis for relief. Id. at 398; State v. Beasley, 580 So.2d 139, 142 (Fla.1991) (statutory publication of provision places all citizens on constructive notice of consequences of their actions and is adequate notice of a defendant's liability for costs in appropriate situations); Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992). Likewise, the appellant received constructive notice of this statutory condition. Furthermore, because the "random testing" provision is a standard condition of probation that can be imposed on all defendants under section 948.03, we concluded in Hayes that it can be imposed irrespective of whether it directly relates to the circumstances of a defendant's offense. Id.; Ward v. State, 511 So.2d 1109 (Fla. 1st DCA 1987). We find Hayes to be controlling.
The appellant urges us instead to reverse on the authority of Nunez, 633 So.2d at 1146, in which the condition required the defendant to submit to tests to determine the use of alcohol or controlled substances. This condition was not orally pronounced at sentencing. Although our sister court concluded that section 948.03(1) provided Nunez with constructive notice of the condition, the court found the condition deficient in part:
[W]e are unable to uphold the requirement of alcohol testing. The mere use of alcohol is not related to any of the appellant's offenses and nothing in his record indicates it would relate to future criminality. A condition of probation restricting the appellant's use of alcohol could not be legally imposed under the circumstances of this case, [citations omitted].
*1016 Id. at 1147. The objectionable portion of Nunez' condition was stricken. We decline the appellant's invitation to adopt the reasoning of our sister court.
The appellant concedes, as he must, that Hayes supports the challenged ruling. We find distinguishable a number of decisions cited by the appellant that involve a "special condition," rather than the "standard or general condition" set forth in Condition (12). See, e.g., Biller v. State, 618 So.2d 734 (Fla. 1993); Grate v. State, 623 So.2d 591 (Fla. 5th DCA 1993). As additional support for our ruling, we note that the legislature in section 948.03(1)(k)(1) expressly authorizes random testing "to determine the presence or use of alcohol or controlled substances." (Emphasis added). We construe the term "drugs" in the appellant's order to mean illegal drugs. Because we are unable to reconcile our holdings with the Second District Court's holding in Nunez, we certify conflict. Fla.R.App.P. 9.030(a)(2)(A)(iv).
At the conclusion of the appellant's violation of probation hearing, the trial court imposed a $200.00 public defender's lien. § 27.56(2)(a), Fla.Stat. The record does not reflect that the appellant was given adequate prior notice and an opportunity to contest the amount of the lien. Accordingly, we must strike the lien, without prejudice to reimpose it as a condition of community control on remand after compliance with the statute. L.A.D. v. State, 616 So.2d 106, 108 (Fla. 1st DCA) (in delinquency adjudication, assessment of attorney's fees and order authorizing public defender's lien against juvenile's mother were reversed and case remanded to allow opportunity to contest amount of lien), rev. den., 624 So.2d 268 (Fla.1993); Wright v. State, 654 So.2d 252 (Fla. 1st DCA 1995); R.D.R. v. State, 653 So.2d 498 (Fla. 5th DCA 1995).
AFFIRMED in part, REVERSED in part, and remanded.
WEBSTER and LAWRENCE, JJ., concur.