677 So.2d 332 (1996)
Steven FERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3004.
District Court of Appeal of Florida, Fourth District.
June 5, 1996.
*333 Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee; and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Pursuant to a negotiated plea agreement, defendant pled nolo contendere to charges of burglary of a conveyance and grand theft, following which adjudication of guilt was withheld and probation imposed. Defendant objects to a condition of probation requiring defendant to submit to and pay the cost of random testing for urinalysis, breathalyzer and blood testing. We strike that portion of the condition of probation requiring that defendant pay the cost of testing because it was not orally pronounced and further strike that portion of the condition which authorizes alcohol testing because it bears no reasonable relationship to defendant's crime or rehabilitation in this case.
At the time of sentencing, the trial court, over defendant's objection, imposed as a condition of probation that defendant submit to random urinalysis. To this orally-pronounced condition, the trial court's subsequent written order added the requirement that defendant submit to breathalyzer and blood testing and that defendant pay the cost of any testing.[1]
The failure of the trial court to orally pronounce the condition calling for breathalyzer and blood testing does not necessarily require that it be stricken on that basis. In State v. Hart, 668 So.2d 589, 592 (Fla.1996), our supreme court agreed that a condition of probation which is statutorily-authorized may be imposed by written order of probation, even if not orally pronounced at sentencing. See, e.g., §§ 948.02-.034, Fla.Stat. (1995). In addition, Hart held that a condition set forth in conditions 1-11 of the general conditions in the supreme court's form order of probation, see Fla.R.Crim.P. 3.986(e), need not be orally pronounced. Because urinalysis, breathalyzer and blood testing are statutorily-authorized as "random testing," pursuant to section 948.03(1)(k)1, Florida Statutes (1995),[2] this condition need not be stricken simply because it was not orally imposed.
While section 948.03, which enumerates the terms and conditions of probation for all forms of probation, authorizes a trial court to impose random testing, the statute does not specifically provide for a defendant to be financially responsible for the testing. See § 948.03(1)(k)1; Dean. For this reason the requirement that defendant pay the cost of testing as a condition of probation must be stricken because it was not orally pronounced. *334 Dean v. State, 669 So.2d 1140 (Fla. 4th DCA 1996); Catholic v. State, 632 So.2d 272 (Fla. 4th DCA 1994).
The more perplexing issue presented by this appeal is whether the condition of probation requiring defendant to submit to random testing should be stricken on the alternate ground argued by defendantthat this condition is not reasonably related to defendant's crime nor to his rehabilitation. As explained in Biller v. State, 618 So.2d 734 (Fla.1993), there are two types of conditions of probation: general conditions and special conditions.
General conditions, as used in Biller, are "imposed upon most, if not all, probationers," and are "broadly directed toward supervision and rehabilitation." Id. at 735 n. 1. All other conditions are special conditions and may be imposed only if reasonably related to rehabilitation. As stated in Biller:
In determining whether a condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.
Id. at 734-735 (quoting Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979)). See Zeigler v. State, 647 So.2d 272, 273-74 (Fla. 4th DCA 1994). A special condition of probation, when challenged on grounds of relevancy, will be upheld unless the record supports at least one of these circumstances. Biller, 618 So.2d at 735.
In Biller, where the defendant was convicted of carrying a concealed firearm, our supreme court struck a special condition of probation that the defendant not use or possess alcoholic beverages because "there was nothing connecting any use of alcohol with the crimes with which he stands convicted, and the use of alcohol by adults is legal." Id. Our supreme court further observed that there was nothing in the record suggesting the defendant had a "propensity towards alcohol or that his judgment becomes impaired as a consequence of using it." Id.
Similarly, there is nothing in this record to suggest that defendant has a drug or alcohol problem or that this condition bears some reasonable relationship to the nature of the crime or other circumstances in defendant's background. In fact, as defendant points out, the special condition that defendant "not use any intoxicants" is crossed out on the form order, and the condition, which states that defendant will "not use or possess alcoholic beverages for any purpose," was also never imposed.
We must determine whether the inclusion of random testing as a statutory condition is determinative of the question of whether it is a general condition immune from a Biller analysis or a special condition subject to a Biller relevancy analysis. On this issue we note the apparent conflict between the first and second districts.
In Nunez v. State, 633 So.2d 1146 (Fla. 2d DCA 1994), the defendant pled nolo contendere to possession of cocaine and burglary of a conveyance. Striking a condition of probation requiring alcohol testing, the second district stated:
The mere use of alcohol is not related to any of the appellant's offenses and nothing in this record indicates it would relate to future criminality. A condition of probation restricting the appellant's use of alcohol could not be legally imposed under the circumstances of this case, Biller v. State, 618 So.2d 734 (Fla.1993); Richardson v. State, 620 So.2d 257 (Fla. 2d DCA 1993); therefore, testing for the use of alcohol is not warranted. But see Hayes v. State, 585 So.2d 397 (Fla. 1st DCA), rev. denied, 593 So.2d 1052 (Fla.1991). Accordingly, we strike the portion of condition (9) requiring random testing for alcohol.
Id. at 1147.
The first district reached a contrary result in Hayes v. State, 585 So.2d 397 (Fla. 1st DCA), review denied, 593 So.2d 1052 (Fla. 1991). In that case, the defendant's probationary sentence included a condition that he submit to random alcohol and drug testing. Without analyzing the relationship of the condition to the crime, the first district concluded that it is not only unnecessary to *335 orally pronounce a statutorily-authorized condition of random testing, but that the condition of random testing could be imposed regardless of whether or not it was directly related to the crime charged:
Because the requirement that the appellant submit to blood, breathalyzer, and urinalysis examinations accords with the provision of section 948.03(1)(j) for "random testing," it is a standard condition of probation, and under the rationale of [State v.] Beasley [580 So.2d 139 (Fla.1991)] it does not need to be orally pronounced. This standard condition may be imposed regardless of whether it is directly related to the circumstances of the appellant's offense, because it is one of the conditions which is made applicable to any probationer under section 948.03. See Ward v. State, 511 So.2d 1109 (Fla. 1st DCA 1987). Although some standard conditions may still depend on the circumstances of the offense (e.g., see section 948.03(1)(e), Florida Statutes, providing for restitution "for the damage or loss caused"), section 948.03(1)(j) is not limited in this manner.
Id. at 398.
We do not read supreme court precedent as holding that statutory conditions are automatically exempt from a Biller analysis. We do not construe Hart as precluding a defendant from objecting to the imposition of a statutory condition on relevancy grounds under Biller. In fact, in explaining why oral pronouncement was unnecessary as to certain conditions, our supreme court stated that publication in the statutes or in the rules would provide "all defendants with sufficient notice to permit an opportunity to object if probation is imposed." Hart, 668 So.2d at 593.
A trial court is not mandated to impose the conditions listed in section 948.03. However, section 948.03(1), which was amended effective July 1, 1994, now reads that:
The court shall determine the terms and conditions of probation or community control. Conditions specified in paragraphs (a) through and including (m) do not require oral pronouncement at the time of sentencing and may considered standard conditions of probation.
While random testing is statutorily-authorized and designated by the legislature as a "standard condition" for which oral pronouncement is unnecessary, it is not listed within the general conditions of probation in the supreme court's form order. Rather, it is listed in the form order as an optional special condition. Categorizing random testing as a special condition certainly indicates an intent by our supreme court that this condition should be subject to a Biller relevancy analysis. On the other hand, the legislature, by its recent amendment, may have intended that the standard conditions in section 948.03(1)(a) through (m) could be imposed by a trial court without a case-by-case relevancy analysis.
Based on Biller and Hart, we hold that since defendant is not prohibited from using alcohol and alcohol use is otherwise legal, random testing for alcohol serves no discernible purpose in this case. See Biller. On the other hand, random testing for illegal substances could be said to be related to conduct which is itself criminal, related to future criminality or otherwise broadly directed toward rehabilitation and, therefore, is a valid condition of probation which need not be scrutinized on a case-by-case basis for relevancy. See Biller; Zeigler; Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994).
Accordingly, we strike that portion of the condition of probation requiring defendant to pay the costs of random testing and direct that upon remand the trial court restrict the condition of probation to random testing related to illegal drug use. In all other respects we affirm the order of probation in accordance with Hart and Biller. We certify conflict with Hayes in the hope that our supreme court may clear up any confusion concerning whether random testing is subject to a Biller analysis.
KLEIN and STEVENSON, JJ., concur.
NOTES
[1] The pre-printed form order entered by the trial court lists this condition as special condition 5:

You will submit to urinalysis, breathalyzer or blood tests at any time requested by your officer or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs or controlled substances. You shall be required to pay for such tests unless otherwise waived by your officer.
The verbiage of this condition is identical to the supreme court's form order of probation, Rule 3.986, also listing this condition as a special condition with space for the trial court to check off.
[2] In 1994, section 948.03 was amended. Ch. 94-294, § 1, Laws of Fla. By the amendment, effective July 1, 1994, the provision for random testing, formerly contained in section 948.03(1)(j), was renumbered as section 948.03(1)(k)1.