POLEN, Judge.
Benjamin Carter pled no contest to grand theft. He was adjudicated guilty and sentenced to three years probation with the special conditions that he receive a drug evaluation, attend a minimum of three AA/NA meetings a week, pay court costs and public defender fees, obtain a GED and submit to periodic urinalysis tests. The trial court also ordered that the appellant not use intoxicants to excess nor visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used. Carter argues and we agree that the trial court erred by imposing several of the conditions of probation, as they were either not reasonably related to Carter’s rehabilitation or not orally pronounced.
First, we find that the trial court erred in imposing the condition of probation requiring Carter to get a drug evaluation and attend a minimum of three AA/NA meetings per week. The state concedes that it was error to impose these conditions of probation, as there is nothing in the record to indicate that the crime of grand theft of which Carter was convicted is reasonably related to the use of intoxicants or illegal substances. See Zeigler v. State, 647 So.2d 272 (Fla. 4th DCA 1994) (in determining whether a condition of probation is reasonably related to rehabilitation, a condition is invalid if it has no relationship to the crime of which the defendant was convicted, relates to conduct which is not itself criminal, and requires or forbids conduct which is not reasonably related to future criminality.)
It was also error for the trial court to require that Carter pay for any random drug testing, as it too was not orally pronounced. See Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992) (special condition of probation that was not orally pronounced at sentencing hearing could not be contained in written order, requiring that condition requiring chemical testing of defendant “at your own expense” be revised on remand to eliminate words “at your own expense” which was not within standard conditions of probation in statute). Accordingly, we strike the portion of the condition requiring Carter to pay for any of the random drug testing. See Vas *1351 quez v. State, 663 So.2d 1343 (Fla. 4th DCA), rev. dismissed, 666 So.2d 145 (Fla.1995); Justice v. State, 674 So.2d 123 (Fla.1996) (where sentence is reversed because trial court failed to orally pronounce certain special conditions of probation which later appeared in written sentence, court must strike unannounced conditions and cannot reimpose them upon resentencing).
However, the condition that Carter not use intoxicants to excess or visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold was lawfully imposed. The portion of the condition barring Carter from visiting places where intoxicants and drugs are unlawfully sold is a lawfully imposed valid general condition in accordance with our opinion in Jaworski v. State, 650 So.2d 172 (Fla. 4th DCA 1995) (condition of probation that defendant not visit places where controlled substances are unlawfully sold, dispensed or used was valid even though it was not announced in open court; condition was more explicit clarification of statutory condition of probation that offender may not associate with persons engaged in criminal activities and, thus, condition need not have been announced in open court). The portion of the condition that Carter not use intoxicants to excess is also a valid general condition which did not have to be orally pronounced, as it is included as condition (7) in the form order of probation as contained in Florida Rule of Criminal Procedure 3.986(e). See State v. Hart, 668 So.2d 589 (Fla.1996) (all defendants facing imposition of probation are on constructive notice of conditions 1 through 11 set forth in form for order of probation which is contained in the Florida Rules of Criminal Procedure and only those special conditions of probation not set out in general conditions portion of the rules need be specifically pronounced at sentencing).
We disagree with Carter’s argument that the condition prohibiting him from using alcohol to excess should be stricken because it was not related to the crime charged or reasonably related to his rehabilitation. The first district’s holding in Hayes v. State, 585 So.2d 397 (Fla. 1st DCA 1991), is persuasive in this regard. In Hayes, the court held that the requirement that the defendant submit to blood, breathalizer and urinalysis exams as a condition of probation, could be imposed regardless of whether it directly related to circumstances of the defendant’s offense. The court reasoned that this was a standard condition applicable to any probationer under section 948.03, Florida Statutes. Similar reasoning would apply at bar, as the condition prohibiting Carter from using alcohol to excess is a standard condition applicable to any probationer under Florida Rule of Criminal Procedure 3.986(e).
We acknowledge that at first glance this holding might appear contrary to our holding in Fernandez v. State, 677 So.2d 332 (Fla. 4th DCA 1996) (holding that the condition of probation requiring random testing should be stricken since “defendant is not prohibited from using alcohol and alcohol use is otherwise legal, random testing for alcohol serves no discernible purpose in this case”). The Fernandez case is distinguishable from the case at bar though because the condition requiring random drug testing is a special condition under the supreme court form order, whereas the condition prohibiting the excessive use of alcohol is a general condition of probation under the supreme court form order contained in Florida Rule of Criminal Procedure 3.986. This would evidence an intent by the supreme court that this condition apply to all probationers without a case by case relevancy analysis. Conversely, as was recognized by this court in Fernandez, including random testing as a special condition might evidence the supreme court’s intent to subject this condition to a ease by case relevancy analysis. Accordingly, we distinguish this case from Fernandez, and hold that the condition limiting Carter from using intoxicants to excess is not subject to an analysis of whether it is related to the crime charged or his rehabilitation.
In sum we strike the conditions of probation requiring Carter to get a drug evaluation, attend the AA/NA meetings, and pay for any random drug testing.
SHAHOOD, J., and SPEISER, MARK A, Associate Judge, concur.