688 So.2d 909 (1997)
Clifton BROCK, Petitioner,
v.
STATE of Florida, Respondent.
No. 87529.
Supreme Court of Florida.
February 6, 1997.
*910 Glen P. Gifford, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Daniel A. David, Assistant Attorney General, Tallahassee, Florida, for Respondent.

CORRECTED OPINION
PER CURIAM.
We have for review the opinion in Brock v. State, 667 So.2d 1014 (Fla. 1st DCA 1996), which certified conflict with the opinion in Nunez v. State, 633 So.2d 1146 (Fla. 2d DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In 1993, appellant Clifton Brock pled no contest to grand theft. The trial court withheld adjudication for the offense and placed Brock on probation for two years. While on probation, Brock admitted to violating its terms. Consequently, the trial court revoked his probation and sentenced him to two years of community control. In the order placing Brock on community control, the trial court reimposed all eleven previous conditions of probation and added one new condition:
You will submit to urinalysis, breathalyzer or blood tests at any time requested by your Community Control officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs or controlled substances.[1]
On appeal, the First District rejected Brock's argument that the trial court erred in imposing the new condition because the State failed to demonstrate that drug and alcohol use were related to his past or future criminal conduct. Id. at 1016. Rather, the district court approved the imposition of the new condition, relying on the reference to such a condition in section 948.03(1)(k)1., Florida Statutes (1995),[2] and Hayes v. State, *911 585 So.2d 397 (Fla. 1st DCA), review denied, 593 So.2d 1052 (Fla.1991), but certified conflict with the opinion of the Second District in Nunez v. State, 633 So.2d 1146, 1147 (Fla. 2d DCA 1994)(striking portion of condition of probation requiring appellant to submit to alcohol testing where "mere use of alcohol" did not relate to appellant's offenses or his future criminality). 667 So.2d at 1016.
Brock asserts that this case should be resolved on the reasoning in Nunez where the Second District, citing Biller v. State, 618 So.2d 734 (Fla.1993), struck a portion of the defendant's condition of probation requiring random testing for alcohol use because "[t]he mere use of alcohol is not related to any of the appellant's offenses and nothing in this record indicates it would relate to future criminality." 633 So.2d at 1147. Likewise, Brock contends that at least that portion of the community control condition requiring Brock to submit to random testing for alcohol use is similarly invalid.
Contrary to Brock's assertions, we find that the First District has correctly applied our analysis in Biller v. State concerning the requisite relationship between general and special conditions of probation and a defendant's past or future criminality.[3] Brock's claim that the circumstances of the instant case are analogous to the situation in Biller is without merit.
The defendant in Biller was convicted of carrying a concealed firearm and a concealed weapon. 618 So.2d at 734. The trial court placed Biller on probation with the special condition that he not "use or possess alcoholic beverages." Id. On review, we reasoned that this special condition of probation could not legally be imposed because "there was nothing connecting any use of alcohol with the crimes with which [Biller] stands convicted, and the use of alcohol by adults is legal." Id. at 735. In so doing, we noted the decision in Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979), where the Second District held that constitutional rights of probationers are limited by conditions of probation which are desirable for purposes of rehabilitation:
In determining whether a condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.
618 So.2d at 734-35 (quoting Rodriguez v. State, 378 So.2d at 9). We specifically limited the Second District's holding to special conditions of probation, such as the one imposed upon Biller. Id. at 735. We concluded that Rodriguez "correctly states the law with respect to special conditions imposed upon individual probationers," id., and explained that special conditions are distinguishable from general conditions of probation:
There are many general conditions imposed upon most, if not all, probationers which are broadly directed toward supervision and rehabilitation. The requirements of Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979), are not applicable to these conditions.
Id. at 735 n. 1. Thus, Biller stands for the rule that special conditions of probation or community control must reasonably relate to the defendant's present criminal conduct or future criminality, or pertain to conduct which is itself criminal. Id. On the other hand, a trial court may validly impose upon a defendant general conditions of community control, such as the one at issue here, that are rationally related to the State's need to supervise the defendant regardless of whether the condition is reasonably related to the *912 defendant's offense or restricts conduct which is not itself criminal. Id.; cf. Navarre v. State, 608 So.2d 525, 528 (Fla. 1st DCA 1992) (reasoning that drug screening, evaluation, and treatment requirement "is a standard condition of probation that can be imposed on any probationer, irrespective of whether it reasonably relates to the type of offense").
In this case, Brock, unlike Biller, was subject to a general condition of probation requiring random alcohol and drug testing imposed pursuant to section 948.03[4] rather than a special condition prohibiting alcohol consumption.[5] The Biller requirement that a special condition of probation or community control is valid only if it relates to a defendant's present offense or future criminality is, therefore, inapplicable to the condition at issue here. The State's interest and discretion in monitoring a defendant's conduct during community control or probation is broader than its interest in prohibiting certain lawful conduct in the same situation. Therefore, the First District correctly concluded that the trial court had authority to order Brock to submit to random drug and alcohol testing as a general condition of community control.
Accordingly, in light of our holding in Biller and the plain language of the statute, we approve the district court's decision below and disapprove the decision in Nunez v. State, 633 So.2d 1146 (Fla. 2d DCA 1994).[6] We decline to address the other issues raised by Brock or the State.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Although the new condition was not orally pronounced at Brock's sentencing, it is expressly stated in the written final judgment imposing community control. Brock, 667 So.2d at 1015. A statutorily authorized condition of probation or community control may be included in a written order without being orally pronounced at sentencing. State v. Hart, 668 So.2d 589 (Fla.1996).
[2] Section 948.03(1) reads in pertinent part:

(1) The court shall determine the terms and conditions of probation or community control.... Conditions specified in paragraphs (a) through and including (m) and (2)(a) do not require oral pronouncement at sentencing and may be considered standard conditions of community control. These conditions may include among them the following, that the probationer or offender in community control shall:
. . . .
(k)1. Submit to random testing as directed by the correctional probation officer or the professional staff of the treatment center where he is receiving treatment to determine the presence or use of alcohol or controlled substances.
[3] Although the requirement that Brock submit to random drug and alcohol testing is a general condition of community control and not a condition of probation, the line of cases addressing the validity of conditions of probation is instructive here.
[4] Brock does not contest that the new condition imposing random drug and alcohol testing was a statutorily authorized, i.e., "general" condition, as opposed to a special condition, of community control. See also Hart, 668 So.2d at 592 (stating that "standard or general conditions" are those contained in sections 948.03-.34, Florida Statutes). In Hart, we held that those general conditions, contained in conditions one to eleven in the untitled section of the Form for Order of Probation, rule 3.986(e), Florida Rules of Criminal Procedure, did not require oral pronouncement at sentencing since they "provide the same type of notice as the probation conditions set forth in the Florida Statutes." Id. at 593. Indeed, those conditions "contain most of the statutory conditions of probation as well as other provisions which apply to most orders of probation." Id. at 592.

However, for purposes of clarity, we note that some conditions of probation listed under the "SPECIAL CONDITIONS" portion in rule 3.986(e) contain statutory authorization. Under our reasoning in Hart, any such conditions need not be orally pronounced at sentencing to be held valid. But, if any portion of the special condition lacks statutory authorization, such as the requirement in the second special condition that probationer "pay for the [drug] tests," it must be pronounced orally at sentencing to give the defendant sufficient notice of the substance of the condition and the opportunity to object. Fla. R.Crim.P. 3.986(e). Thus, in that situation, the preferred practice is for the trial court to pronounce in full at sentencing any special conditions of probation and/or community control even if portions thereof contain statutory authorization.
[5] It may appear anomalous that Brock has not been ordered to abstain from the use of alcohol but may be subjected to drug screening, including alcohol. However, as we have noted, the State's interest in supervising probationers is very broad.
[6] In Nunez, the trial court ordered the defendant to submit to random alcohol testing as a general condition of probation pursuant to section 948.03(1)(j), Florida Statutes (1991). The Second District, citing Biller, struck the condition because:

The mere use of alcohol is not related to any of the appellant's offenses and nothing in this record indicates it would relate to future criminality. A condition of probation restricting the appellant's use of alcohol could not be legally imposed under the circumstances of this case....
633 So.2d at 1147. The Second District erroneously applied the requirements for imposing a special condition of probation to a general condition which, under Biller, the trial court may impose without restriction. 618 So.2d at 735 n. 1.