754 So.2d 158 (2000)
James GREENWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-1505.
District Court of Appeal of Florida, First District.
March 27, 2000.
*159 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Karla D. Ellis, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
In this direct criminal appeal, appellant challenges a number of conditions of "sex offender" probation. We affirm.
Appellant entered a negotiated plea to two counts of attempted sexual battery. His sentence included an "Order of Sex Offender Probation." Appellant timely objected to the following conditions of probation, on a variety grounds:
(14) You will not perform any work for pay, volunteer work, or community activity at any school, daycare, park, playground, or other place where children regularly congregate.
. . . .
(17) You will observe a mandatory curfew, from 10:00 P.M. to 6:00 A.M. daily; except for employment purposes.
(18) You will not live within 1,000 feet of a school, daycare center, park, playground, or other place where children regularly congregate.
(19) You will have no unsupervised contact with a child under the age of 18, without another adult present who is responsible for the child's welfare, has been advised of the crime, and is approved by the court.
(20) You will not view, own, or possess any obscene, pornographic, or sexually stimulating visual or auditory material including telephone, electronic media, computer programs, or computer services that are relevant to your deviant behavior pattern.
(21) You will submit to a warrantless search, by the community control or probation officer, of your person, residence, or vehicle.
(22) You will as part of a treatment program, participate at least annually in polygraph examinations at your own expense.
(23) You will maintain a driving log.
(24) You will not drive a motor vehicle alone without the prior approval of your supervision officer.
(25) You will not obtain or use a post office box without the prior approval of your supervising officer.
The trial court denied the objections, and this appeal follows.
Appellant first argues that conditions 17, 21, 23, 24 and 25 were improperly imposed because they were not "reasonably related" to the offense for which he was sentenced, relying on Biller v. State, 618 So.2d 734 (Fla.1993). However, Biller is limited in its application to special conditions of probation or community control. As appellant concedes, all five conditions *160 are authorized by section 948.03(5), Florida Statutes (1997). Therefore, they are general, rather than special, conditions. The former are not subject to Biller. Brock v. State, 688 So.2d 909 (Fla.1997). General conditions may be imposed as long as they "are rationally related to the State's need to supervise the defendant[,] regardless of whether [they are] reasonably related to the defendant's offense or restrict[] conduct which is not itself criminal." Id. at 911-12. We conclude that all five of the conditions are "rationally related" to the state's broad interest in supervision and rehabilitation.
Appellant also challenges conditions 14, 17, 18, 19, 20, 21, 23, 24 and 25 on a variety of constitutional grounds. In the trial court, appellant's objections were perfunctorily made, without any real argument or citation to authority. In his brief, appellant addresses this issue in one sentence, followed by a smorgasbord of case citations. We decline to address the constitutionality of the conditions challenged on that ground because the arguments have been neither properly preserved nor properly presented on appeal. Henderson v. State, 569 So.2d 925 (Fla. 1st DCA 1990).
Finally, appellant challenges conditions 21, 22, 24 and 25 on the ground that they improperly delegate judicial power to the probation officer. While a court may delegate normal supervision of conditions of probation or community control to another official, it may not delegate duties that the law requires the courts to perform. Singleton v. State, 582 So.2d 657 (Fla. 1st DCA 1991). Because none of the challenged conditions involves a duty that the law requires the courts to perform, we conclude that none of the challenged conditions improperly delegates judicial power to the probation officer. Compare Larson v. State 572 So.2d 1368 (Fla.1991) (the trial court did not violate the law by delegating to the probation officer limited authority to direct that the defendant undergo a psychological examination), with Bowen v. State, 590 So.2d 1067 (Fla. 5th DCA 1991) (the trial court could not delegate to the probation officer authority to determine the amount of the defendant's restitution).
AFFIRMED.
BOOTH and JOANOS, JJ., CONCUR.