785 So.2d 592 (2001)
Jeffrey ERTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-3037.
District Court of Appeal of Florida, First District.
April 17, 2001.
Nancy A. Daniels, Public Defender, Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
*593 Robert A. Butterworth, Attorney General, Bryan Jordan and Daniel A. David Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
Appellant contends that the trial court erred in imposing certain unconstitutional sex-offender conditions of probation on his sentence for attempted battery. We affirm.
Following entry of a plea, appellant was adjudicated guilty of the lesser-included offense of attempted sexual battery while in a position of familial or custodial authority and sentenced to seven years of incarceration, followed by five years of probation. Appellant reserved the right to challenge the constitutionality of several of the sex-offender probationary conditions set out in sections 948.03(5)(a) and (b), Florida Statutes (1999), that were imposed.
This court has previously rejected most of appellant's challenges. For example, in Greenwood v. State, 754 So.2d 158 (Fla. 1st DCA 2000), we rejected identical challenges that the conditions set forth in subsections 948.03(5)(a)(1), (a)(10), (b)(2) and (b)(3) were not rationally related to the offense and that subsections 948.03(5)(a)(10), (b)(1) and (b)(3) constituted unlawful delegations of judicial authority to probation officers. In Britt v. State, 775 So.2d 415 (Fla. 1st DCA 2001), this court rejected appellant's void-for-vagueness challenge to the conditions contained in subsections 948.03(5)(a)(2) and (a)(6). All the other arguments appellant raises, with the exception of his challenge to the condition set forth in section 948.03(5)(a)(7), were not raised below or were perfunctorily raised and, therefore, are not preserved for appeal. See Greenwood, 754 So.2d at 160.
Section 948.03(5)(a)(7) provides the following prohibition:
Unless otherwise indicated in the treatment plan provided by the sexual offender treatment program, a prohibition on viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender's deviant behavior pattern.
Appellant complains that this condition violates due process, because it does not provide notice of what is "obscene" and provides no hearing or notice about what constitutes his "deviant behavior pattern." We disagree.
"The standard for testing vagueness under Florida law is whether the statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct." Brown v. State, 629 So.2d 841, 842 (Fla.1994) (citing Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972)). The United States Supreme Court has defined obscene material. See Miller v. California, 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Sections 794.011 and 777.04, Florida Statutes (1999), which define attempted sexual battery while in a position of familial or custodial authority, provide adequate notice of appellant's "deviant sexual behavior," and a revocation hearing will be provided should appellant be charged with violating this provision. Thus, appellant's arguments are without merit.
AFFIRMED.
ERVIN, BOOTH and ALLEN, JJ., concur.