946 So.2d 1155 (2006)
Donald KASISCHKE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2149.
District Court of Appeal of Florida, Third District.
December 20, 2006.
Bennett H. Brummer, Public Defender, and Thomas Regnier, Assistant Public Defender, for appellant.
Charles J. Crist, Attorney General, and Michael E. Hantman, Assistant Attorney General, for appellee.
Before COPE, C.J., and FLETCHER, and CORTIAS, JJ.

*1156 ON MOTION FOR REHEARING

CORTIAS, Judge.
Defendant, Donald Kasischke, appeals from an order revoking his community control for violating a condition of community control under section 948.03(5)(a)(7), Florida Statutes (1999). We affirm.
We review the trial court's[1] factual findings concerning a defendant's violation of community control for abuse of discretion. See Arias v. State, 751 So.2d 184, 187 (Fla. 3d DCA 2000). In doing so, we must determine "whether or not the trial court acted in an arbitrary, fanciful or unreasonable manner." State v. Carter, 835 So.2d 259, 262 (Fla.2002). However, because we are also reviewing the interpretation of a statute, this aspect of our review is purely a legal matter and is subject to a de novo standard of review. Kephart v. Hadi, 932 So.2d 1086, 1089 (Fla.2006) (citations omitted).
This case involves a community control violation. Thus, we must consider the underlying crime for which the defendant was convicted as well as the nature of his alleged violation. The defendant, who has a Ph.D. degree, was fifty-four years old at the time of the underlying offense. He was convicted of three counts of lewd and lascivious assault on a child under sixteen years of age. Specifically, the defendant solicited a fifteen year-old boy and offered him forty dollars so that he could perform oral sex on the boy. The defendant took the boy to a park where, behind the bushes, he unzipped the boy's pants and performed oral sex on the victim until the boy ejaculated in the defendant's mouth. Additionally, the defendant masturbated in the boy's presence. Based on the defendant's guilty plea, he was sentenced to 364 days in jail followed by two years of community control and eight years of probation. Part of his plea agreement included the following standard condition for certain sex offenders on community control:
The Defendant is prohibited from viewing, owning or possessing any obscene, pornographic or sexually stimulating visual or auditory material[s], including telephone, electronic media, computer programs or computer services that are relevant to the offender's deviant behavior pattern, unless otherwise indicated in the offender's treatment plan.
In addition, the defendant was advised by his community control officer that he could not view, own, or possess any pornographic material while on community control.
The facts giving rise to the defendant's alleged community control violation are as follows. While the defendant was under community control, officers executed a search of his home and found several photographs of nude young males and of males performing various sexual acts. Also recovered was a videotape in a kitchen drawer that was kept apart from other videotapes that the defendant kept near his television. The parties do not dispute that the videotape shows pornographic and obscene images. Among other things, the videotape depicts a young-looking male engaging in oral and anal sex with other males. However, the parties disagree on whether the possession of such a videotape constituted a violation of the defendant's community control conditions.
The defendant's community control conditions are based on the legislative requirements in section 948.03(5)(a), Florida *1157 Statutes (1999).[2] Section 948.03(5)(a) requires courts to impose upon all probationers and community controllees, whose sex offense was committed on or after October 1, 1995, various general conditions to their probation or community control. For example, sex offenders whose victim was a minor are prohibited from working at any school, park, playground, or other place where children regularly congregate. See ß 948.03(5)(a)(6), Fla. Stat. Moreover, section 948.03(5)(a)(7) provides that, unless otherwise indicated in the treatment plan provided by the sexual offender treatment program, sex offenders on probation or community control are prohibited from:
viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender's deviant behavior pattern.
ß 948.03(5)(a)(7), Fla. Stat. The various conditions set forth in section 948.03(5)(a) are standard conditions of probation or community control for certain sex offenders that need not be orally pronounced at the time of sentencing. See ß 948.03(5), Fla. Stat.
Defendant argues that the phrase "relevant to the offender's deviant behavior pattern" should modify all aspects of the community control condition and, as such, only prohibits defendant from viewing or possessing material which is specifically related to his prior deviant acts. Under this view, the community control condition would be strictly limited to obscene and pornographic material that depicts fellatio or masturbation with an underage boy, similar to defendant's previous victim. Thus, the defendant contends that, since the defendant was convicted of a sexual offense on a minor under sixteen years of age, the State must prove that the pornographic material involved a minor under sixteen for a community control violation to be found.[3] On the other hand, the State contends that the phrase "relevant to the offender's deviant behavior pattern" only modifies "telephone, electronic media, computer programs, or computer services" or, alternatively, "sexually stimulating visual or auditory material" and not all aspects of the community control condition. Under the State's view, the community control condition imposes a total ban on viewing or possessing any pornographic or obscene material.

A. Statutory Interpretation
In construing the language of a statute, courts are required to first consider the actual language of the statute. Woodham v. Blue Cross & Blue Shield of Fla., Inc., 829 So.2d 891, 897 (Fla.2002) (citations omitted); Campbell v. Kessler, 848 So.2d 369, 371 (Fla. 4th DCA 2003)(finding that a court "`must construe a statute according to the precise language used by the legislature'" (quoting Fla. Gulf Health Sys. Agency Inc. v. Comm'n on Ethics, 354 So.2d 932, 933 (Fla. 2d DCA 1978))). "[T]he intent of the legislature must guide our analysis, and that intent must be determined primarily from the language of the statute." Hale v. State, 891 So.2d 517, 521 (Fla.2004)(citing Miele v. Prudential-Bache Sec. Inc., 656 So.2d 470, 471 (Fla.1995)).
The language of section 948.03(5)(a)(7), as currently written, is undeniably susceptible to multiple and irreconcilable interpretations. *1158 For example, the statute may be read as imposing a complete ban on "any" form of obscene, pornographic or sexually stimulating material, including the listed materials. The statute could also be read as requiring all prohibited material to be "relevant to the offender's deviant behavior pattern." Moreover, the statute may be read as imposing a complete ban on obscene and pornographic material but with the limitation that, with respect to "sexually stimulating visual or auditory material," such material must be "relevant to the offender's deviant behavior pattern." These and other possible interpretations of legislative intent may be gleaned from the actual language of section 948.03(5)(a)(7). Because we recognize that the statute is ambiguous, we must look beyond the plain language of the statute.
The statutory prohibition on obscene or pornographic materials can be traced back to an earlier version of the statute which read as follows:
Unless otherwise indicated in the treatment plan provided by the sexual offender treatment program, a prohibition on viewing, owning, or possessing any obscene, pornographic, or sexually explicit material.
ß 948.03(5)(g), Fla. Stat. (1995) (emphasis added). A plain reading of the prior version of the statute clearly demonstrates that the original statute imposed a total ban on viewing, owning, or possessing "any obscene, pornographic, or sexually explicit material."
In 1997, the legislature amended section 948.03(5)(a)(7) through the passage of Committee Substitute for Senate Bill 1930 ("CS/SB 1930"). See ch. 97-308, ß 3, at 5518, Laws of Fla. The 1997 amendment to subparagraph 7 provided as follows:
7.(g) Unless otherwise indicated in the treatment plan provided by the sexual offender treatment program, a prohibition on viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory explicit material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender's deviant behavior pattern.
ch. 97-308, ß 3, at 5520, Laws of Fla.[4]
Notably, there is nothing in the legislative history of the 1997 amendment that indicates that the legislature intended to modify the pre-existing total ban on viewing, owning, or possessing pornographic material. Instead, a review of the legislative history of the amendment provides critical insight by explaining precisely what the 1997 amendment intended to clarify. The Senate Staff Analysis and Economic Impact Statement concerning the amendment stated that:
CS/SB 1930 would also clarify the condition of probation, community control, and conditional release that prohibits the possession, viewing, or use of sexually "explicit" material to be sexually stimulating visual or auditory material that would include telephone, electronic media, computer programs, or computer services that are relevant to the offender's deviant behavior pattern.
Fla. S. Comm. on CJ, CS for SB 1930 (1997) Staff Analysis at 8 (final Apr. 8, 1997)(on file with Florida State Archives)(emphasis added). Similarly, the bill which proposed the 1997 amendment had stated purposes of, among other things, "revising a provision that prohibits a sex offender from viewing, owning, or possessing certain materials; [and] prohibiting a sex offender from possessing telephone, electronic media, or computer programs *1159 or services that are relevant to the offender's behavior pattern. . . ." ch. 97-308, at 5515, Laws of Fla. Thus, the legislative history of CS/SB 1930 clearly shows that the 1997 amendment sought to clarify only the words "sexually explicit material."
The 1997 amendment was based, in part, on research funded by the National Institute of Justice ("NIJ") regarding the management of sexual offenders under supervised release into the community. Kim English, et al., Managing Adult Sex Offenders in the CommunityÄîA Containment Approach, NIJ Research in Brief, Jan. 1997. The NIJ report noted that "[m]any sex offenders commit a wide range and large number of sexually deviant acts during their lives and show a continued propensity to reoffend."[5]Id. at 2. This study points out that "deviant thoughts and fantasies by sex offenders are precursors to sexual assault and, therefore, are an integral part of the assault pattern." Id. at 5. The report recommends that certain probation conditions are essential to reduce the opportunities of reoffense, to protect the victims, and to safeguard the general public.
In this case, the historical record of the statute in question as well as the legislative history of section 948.03(5)(a)(7) show that the legislature did not intend to alter the pre-existing ban on all pornographic or obscene material. As such, we hold that the limiting phrase "relevant to the offender's deviant behavior pattern" only modifies the words "sexually stimulating" . . . material," and not the terms "obscene" or "pornographic."

B. Analysis
The high rate of recidivism by sex offenders is well known. A reading of the section 948.03(5)(a) community control and probation conditions suggests that these prohibitions were intended to combat such recidivism. Thus, sex offenders whose victims were minors are prohibited from working at places where children congregate to reduce their exposure to children. ß 948.03(5)(a)(6), Fla. Stat. (1999). Similarly, by its words, the section 948.03(5)(a)(7) restriction against possessing or viewing pornography is clearly aimed at reducing stimuli for sex offenders. "[R]educing access to [obscene, pornographic or sexually stimulating] materials furthers the goals of rehabilitation, deterrence, and public safety in connection with sexual offenders." Wilfong v. Commonwealth, 175 S.W.3d 84, 99-100 (Ky.Ct.App.2004). Together with the completion of a sex offender treatment program and other requirements, such community control and probationary conditions were required by the legislature to reduce the likelihood of repeat sexual crimes, including molestation of minors, rapes and sexual assaults, sexual abuse, and sexual offenses.
In Greenwood v. State, 754 So.2d 158 (Fla. 1st DCA 2000), the First District affirmed the propriety of such general conditions of probation in the context of sex offender probationers. There, the defendant pled guilty to two counts of sexual battery. On appeal, the defendant argued that certain conditions of his probation were not reasonably related to the particular sex offense for which he was sentenced. These conditions were essentially the same general conditions authorized and required by section 948.03(5)(a). The First District found that "general conditions [of probation] may be imposed as long as they `are *1160 rationally related to the State's need to supervise the defendant[,] regardless of whether [such conditions are] reasonably related to the defendant's offense. . . .'" Greenwood, 754 So.2d at 160 (quoting Brock v. State, 688 So.2d 909, 911-12 (Fla. 1997)) (finding that general conditions of probation have statutory authorization and do not have to be relevant to the defendant's offense). As the community control and probation condition in section 948.03(5)(a)(7) is a standard condition for certain sex offenders, such as the defendant herein, these cases further support our conclusion that such general community control and probationary conditions do not have to be relevant to the defendant's offense or the offender's deviant behavior.
The probationary condition against viewing pornographic material was the subject of a constitutional challenge in Ertley v. State, 785 So.2d 592 (Fla. 1st DCA 2001). In that case, the defendant complained that such a probationary condition violated his due process rights because it did not provide notice of what is obscene or what constitutes his deviant behavior pattern. The First District found that these probationary conditions were not unconstitutionally vague. Ertley, 785 So.2d at 593. In so doing, the court recognized that the term "obscene" has been defined by the U.S. Supreme Court in Miller v. California, 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and that the defendant's underlying crime provided adequate notice of his "deviant sexual behavior." Id.
We note that the federal Second, Fifth, and Eighth Circuit Courts of Appeals, as well as other state courts, have found that due process is not violated when a sexual offender's probationary condition imposes a ban on viewing obscene, pornographic, sexually oriented, or sexually stimulating materials. See, e.g., Farrell v. Burke, 449 F.3d 470 (2d Cir.2006) (despite finding the term "pornography" susceptible to various meanings, the court found no due process violation when the facts surrounding defendant's probation violation show that defendant had adequate notice of what reasonably constituted prohibited pornographic material); United States v. Phipps, 319 F.3d 177, 192-93 (5th Cir. 2003) (finding no due process violation with condition prohibiting sexually oriented or sexually stimulating material); United States v. Cabot, 325 F.3d 384, 385 (2d Cir.2003) (finding adequate notice to defendant in prohibition of "any `matter' that is pornographic"); United States v. Ristine, 335 F.3d 692, 695 (8th Cir.2003) (not finding plain error when district court imposed condition prohibiting possession of pornography); Wilfong, 175 S.W.3d at 99 (finding the prohibition of "any sexually arousing materials" to be sufficiently construed in relationship with other provisions, and not unconstitutionally vague); but cf. United States v. Guagliardo, 278 F.3d 868, 872 (9th Cir.2002) (finding prohibition on "any pornography" inherently vague and remanded for a condition with greater specificity); United States v. Loy, 237 F.3d 251, 263-65 (3d Cir.2001) (finding a condition prohibiting "all forms of pornography, including legal adult pornography," as providing inadequate notice to defendant).[6]
Similarly, in Taylor v. State, 821 So.2d 404 (Fla. 2d DCA 2002), the defendant contended that the probationary condition, which prohibited obscene, pornographic, or sexually explicit material, was unconstitutional because it was not specific as to his particular deviant behavior. Taylor, 821 So.2d at 405. Consistent with the First District's holding in Ertley, the Second *1161 District found that the defendant had adequate notice of what was prohibited, but remanded the case so that the written conditions would conform to the statutory language of section 948.03(5)(a)(7), Florida Statutes. Id. at 405-06. As the Second District only required that the probationary condition track the statutory language of section 948.03(5)(a)(7), the court did not address whether or not the phrase "relevant to the offender's deviant behavior pattern" modified the ban on viewing or possessing pornographic material. Id.
Having determined that the statutory limiting phrase only applies to "sexually stimulating . . . material" and not to the total ban on viewing, owning, or possessing pornographic or obscene material, we review the trial court's findings. The trial court held that the probation condition at issue prohibited the defendant from viewing, owning, or possessing any pornographic material. The court then found that defendant violated his community control by possessing pornographic material. Based on our holding that section 948.03(5)(a)(7) prohibited the defendant from viewing, owning, or possessing any pornographic material while on community control, and because the parties do not dispute that the videotape found inside the defendant's home showed pornographic and obscene images, we affirm the order of the trial court.
Affirmed.
NOTES
[1] The trial judge, Henry Leyte-Vidal, recently passed away. Judge Leyte-Vidal was recognized by all as a consummate professional who treated everyone with respect. His wisdom and devotion to the law only added to his outstanding reputation. Judge Leyte-Vidal was an exemplary jurist who will be greatly missed.
[2] This statute has been renumbered and is now section 948.30(1)(g), Florida Statutes (2006).
[3] It is unclear whether anyone, including the State, could obtain and prove the identity and ages of individuals involved in pornographic videos.
[4] Words stricken are deletions and words underlined are additions.
[5] Notably, one reported study of 561 voluntary subjects found that approximately fifty-four percent (54%) of offenders have at least two paraphilias (preference for unusual sexual practices) and twenty percent (20%) participated in deviant behavior regardless of the victim's gender. Id. at 2.
[6] As no due process claims were raised below, we do not address this issue on appeal.