981 So.2d 674 (2008)
T.D.D., Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5620.
District Court of Appeal of Florida, Second District.
May 23, 2008.
*675 James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
T.D.D. appeals a disposition order rendered December 4, 2006, adjudicating him delinquent for carrying a concealed firearm, committing him to the Department of Juvenile Justice in a minimum risk placement, and ordering that he be detained at the Juvenile Detention Center for fifteen days followed by conditional release. The trial court entered the disposition order after a hearing held on November 30, 2006.
T.D.D. argues, among other things, that the December 4 disposition order violated the prohibition against double jeopardy because the court had previously announced its disposition at a hearing held on November 16, 2006, ordering T.D.D. into custody for fifteen days, followed by probation. On November 17, 2006, the court rendered a judgment and a detention hold order placing T.D.D. in the custody of the Department of Juvenile Justice for fifteen days. T.D.D. immediately began serving the fifteen-day detention period following the November 16 hearing. He contends that the trial court erred by conducting a second disposition hearing on November 30 and then entering a disposition order placing him in secure detention for another fifteen days followed by conditional release. He asserts that the December 4 order must be reversed and that the case should be remanded for the trial court to enter a disposition order reflecting the oral pronouncements made by the court at the November 16 hearing.
The record reflects that T.D.D. filed a Motion to Correct a Sentencing Error, raising the same arguments that he raises in this appeal. The trial court recognized that the December 4 order was problematic as it entered an order in August 2007 granting T.D.D.'s motion in part, finding that T.D.D. "should not have been sentenced to 15 days of Juvenile Detention on November 30, 2006 for the firearm offense as he was sentenced on November 16, 2006 for same." However, the August 2007 order only directed that the December 4 disposition order be corrected to eliminate the fifteen-day detention requirement and did not vacate the disposition order. The State concedes that the December 4 disposition order must be reversed and that a new disposition order must be entered reflecting the court's November 16 pronouncements.
We agree that the trial court erred by entering the December 4 disposition order. See Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003) ("Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased *676 without running afoul of double jeopardy principles."); I.B. v. State, 771 So.2d 1258, 1259 (Fla. 4th DCA 2000) (concluding that the trial court's action in setting aside a disposition order and then "resentencing appellant after his sentence had already been served" violated double jeopardy). Thus we reverse the December 4 disposition order and remand for imposition of a disposition order reflecting the trial court's oral pronouncements made at the November 16 hearing.
T.D.D. also argues that at the November 16 hearing the trial court erred by ordering that he attend anger management counseling as a condition of probation. See Brock v. State, 688 So.2d 909, 911 (Fla.1997) (reiterating "the rule that special conditions of probation or community control must reasonably relate to the defendant's present criminal conduct or future criminality, or pertain to conduct which is itself criminal" (construing Biller v. State, 618 So.2d 734, 735 n. 1 (Fla. 1993))). Although the transcript of the November 16 hearing is somewhat confusing, it does not appear that the trial court actually imposed this condition. Moreover, none of the court's written orders reflect the imposition of this condition. We conclude that the record does not support the imposition of this condition and that the court may not include it in the disposition order to be entered on remand.
Accordingly, we reverse the December 4 disposition order and remand for the trial court to enter an order consistent with its oral pronouncement at the November 16 hearing and with this opinion.
Reversed and remanded with directions.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, Concur.