# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3949
_____

JAMAL WODFORD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

June 26. 2024


PER CURIAM.

Appellant challenges his convictions and sentences for five counts of child abuse under section 827.03(1)(b)2., Florida Statutes. He argues that the jury's verdict was legally inconsistent because the jury found him not guilty of shooting into a building and guilty of the lesser included offense of assault on the charge of aggravated assault (of two adults) with a firearm.

We find the verdict is not legally inconsistent because the child abuse offenses are not dependent upon the jury's finding that Appellant shot into the home or committed aggravated assault with a firearm on either of the adults as alleged by the State. As we stated in *Turner v. State*, 301 So. 3d 1017, 1018 (Fla. 1st DCA 2019), "a true inconsistent verdict requires more than just factual

or logical inconsistency."  Instead, in a "true" inconsistent verdict "an acquittal on one count negates a necessary element for conviction on another count."  *Id.* at 1019 (quoting *Gonzalez v. State*, 440 So. 2d 514, 515 (Fla. 4th DCA 1983)); *see, e.g.*, *Redondo v. State*, 403 So. 2d 954, 956 (Fla. 1981) (reversing a conviction for unlawful possession of a firearm during the commission of a felony when the defendant was convicted of only simple battery as the underlying offense); *Mahaun v. State*, 377 So. 2d 1158, 1161 (Fla. 1979) (reversing a defendant's felony murder conviction "because the jury failed to find her guilty of the underlying felony").

Appellant also asserts several rulings by the trial court that he claims require reversal.  However, the argument on these rulings in Appellant's briefs fails to demonstrate any abuse of the trial court's discretion for the admission of any of the evidence listed or for allowing the State to exercise a peremptory strike of a potential juror.  *See Rhody v. McNeil*, 344 So. 3d 530, 535 (Fla. 1st DCA 2022); *Greenwood v. State*, 754 So. 2d 158, 160 (Fla. 1st DCA 2000).  Our review of the trial transcript revealed no abuse of the court's discretion on any of the rulings on the face of the record.

AFFIRMED.

B.L. THOMAS, BILBREY, and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Justin F. Karpf, Assistant Public Defender, for Appellant.

Ashley Moody, Attorney General, and Michael L. Schaub, Assistant Attorney General, Tallahassee, for Appellee.