330 So.2d 800 (1976)
David KOMINSKY, Appellant,
v.
STATE of Florida, Appellee.
No. Z-446.
District Court of Appeal of Florida, First District.
April 30, 1976.
*801 Richard W. Ervin, III, Public Defender and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
RAWLS, Acting Chief Judge.
Pursuant to a jury verdict, appellant was found guilty of possessing more than five grams of cannabis. The trial judge withheld adjudication and placed appellant on probation for a period of five years and appointed appellant's parents as probation advisers. At the same time, the trial judge imposed two special conditions of probation by restricting appellant's driving to a maximum speed of 35 miles per hour and requiring that appellant pay $10 per month to the Escambia County Fine and Forfeiture Fund.[1]
Notice of appeal was timely filed, and subsequently the trial judge appointed the public defender to represent appellant on appeal. At the same time, the trial judge modified appellant's probation by imposing a third special condition that appellant observe an 8:00 p.m. to 6:00 a.m. curfew; consistent with his earlier statement (see note 1), the judge also raised the amount to be paid the Escambia County Fine and Forfeiture Fund from $10 per month to $30 per month.
It is appellant's position that the trial court erred in imposing the special conditions of probation subjecting appellant to a curfew, restricting his driving speed, and raising the amount to be paid the Escambia County Fine and Forfeiture Fund. We agree.
The trial court is vested with broad discretion in determining the conditions of probation; however, such discretion is not unbridled. The purpose of probation is primarily to rehabilitate and *802 not primarily to punish.[2] A special condition of probation which is so punitive that is unrelated to rehabilitation cannot be imposed in lieu of a sentence.
It is our view that the curfew restriction is so harsh that it will counteract the concept of rehabilitation through the means of probation. The instant probation order as to curfew is amended to read from 11:00 p.m. until 6:00 a.m. That part of the modification order raising the amount to be paid into the Escambia County Fine and Forfeiture Fund from $10 to $30 per month, which followed upon the trial court being advised that appellant desired to appeal, cannot be sustained. The trial court clearly violated the opinion of the U.S. Supreme Court in North Carolina v. Pearce[3] by penalizing appellant for exercising his constitutional right to appeal. The remaining special condition, restricting appellant's driving speed to a maximum of 35 miles per hour, cannot stand. The minimum speed permitted on the interstate highway system is 40 miles per hour. As a result of the trial judge's restriction of appellant's driving speed to 35 miles per hour, appellant would be required to violate the minimum speed requirement while driving on an interstate highway.[4] It is conceded by appellee that a more proper condition of probation is that appellant obey and observe all traffic laws, rules and regulations, and we agree.
The judgment appealed is reversed with directions that the trial court amend its probation order in accordance with the views expressed in this opinion.
MILLS and SMITH, JJ., concur.
NOTES
[1] At the sentencing proceeding the following transpired:

"MR. WILSON [appellant's attorney]: Judge, Mr. Kominsky [appellant] was asking would it have any effect on the judge's ruling if he were to get a public defender to appeal the decision of the jury?
"THE COURT: No, not at all. I think we will just raise his cost on the supervision. He has already cost the state about a thousand or so dollars, trials. Probation runs over thirty dollars a month and we are letting him off for ten dollars a month. He hasn't got a snowball's chance on an appeal, I can tell him right now. I sat on the case and listened. As far as an appeal is concerned, it would be an idle gesture... ."
[2] Roy v. State, 207 So.2d 52 (2 Fla.App. 1967).
[3] North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
[4] Florida Statute 316.183(2)(e).