SCHWARTZ, Judge
(dissenting in part).
Of the six grounds raised by the defendant in his Rule 3.850 motion, five lack any semblance of merit. In “Ground Five,” however, Meneses asserts the right to relief because he was sentenced to a term of five years probation with the special condition that he serve 4V2 years in the state prison. The motion states:
“The Court’s adjudication of the defendant required that he serve 4V2 years MORE on his sentence, without any credit for the time spent in the Dade County Jail as a prerequisite for the one year probation, nor did the Court credit him with any and all time awaiting in jail prior to sentencing in 1976 and 1977. Moreover, the defendant has been informed that he is NOT eligible to receive any gain time or extra gain time allowed other prisoners as the Florida Department of Corrections construed the commitment to mean that he was to serve 4}A years without any dimunition of his sentence and the Florida Parole Commission has informed the defendant that it cannot grant him a parole as it was a condition of the sentence that he serve 4V2 years in prison before his release. A person sentenced to a 5 years commitment serves 3 years, 6 months and 9 days, minus any extra gain time for good behavior, excellent work, etc.”
In Shead v. State, 367 So.2d 264, 267-268 (Fla.3d DCA 1979), this court said, albeit in dictum, that
. the 9V2 year prison term imposed as a condition of probation is equally questionable. Its sole purpose, as stated by the trial court, was to punish the defendant by denying her any hope of parole. Although a short jail or prison sentence may be imposed as a condition of probation if reasonably related to a rehabilitative purpose, State v. Jones, 327 So.2d 18 (Fla.1976), it is doubtful whether a lengthy prison term, as here, can stand as a probationary condition when its primary, if not exclusive purpose is to punish the defendant. See Kominsky v. State, 330 So.2d 800 (Fla.1st DCA 1976). Moreover, it is further doubtful whether a trial court by this device can divest the Parole Board of its exclusive authority to parole a defendant on a prison sentence. In sum, it is our view that the sentence imposed in this case was illegal even if the habitual criminal statute had been applicable.” [emphasis supplied]
Since Fla.R.Crim.P. 3.850 provides for relief on the ground “. . that the sentence was imposed in violation of the Constitution or Laws ... of the State of Florida, . ”, I would reverse the order below and remand for an evidentiary hearing on this ground alone. Fla.R.App.P. 9.140(g).