461 So.2d 229 (1984)
Nettie WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. AW-325.
District Court of Appeal of Florida, First District.
December 20, 1984.
*230 Michael E. Allen, Public Defender, Michael J. Minerva, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Henri C. Cawthon, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Walker appeals from an order of probation. She challenges the imposition of a special condition of probation. We reverse and remand for resentencing.
The State accused Walker of stealing approximately $160 worth of earrings from the Gayfers Department Store at the Tallahassee Mall. She pleaded no contest to grand retail theft.
The trial court withheld adjudication and placed Walker on two years probation. As a special condition of probation, Walker was required to purchase $160 worth of earrings from Gayfers and keep them in her possession during the period of probation. Walker's counsel objected saying, "I don't think this is a proper form of restitution." The trial court responded, "I don't look upon it as restitution. I look upon it as part of a rehabilitation step under probation."
According to the presentence investigation report, Walker is a 20-year old unemployed mother of one with a total monthly income of $178 in welfare assistance. Walker was certified insolvent for purposes of appeal, and the challenged special condition was stayed pending appeal. The stolen earrings were returned to Gayfers undamaged.
Walker argues the special condition is not valid as a means of achieving restitution or rehabilitation. The State concedes it is invalid as restitution, but argues it is valid as a means of achieving rehabilitation because it is reasonably related to the crime and may help Walker acquire a greater respect for the rights of others.
Initially, we find this issue properly presented for consideration on the merits. To preserve the issue for review, the defendant must object when the condition is imposed or file a motion with the trial court to strike or correct the condition. Myers v. State, 426 So.2d 986 (Fla. 1st DCA 1983). Walker's counsel made a specific objection when the trial court announced the condition.
The trial court has broad discretion to impose probation conditions which, in the trial court's opinion, foster rehabilitation. Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA 1982); Section 948.03(4), Florida Statutes (1983).
In Kominsky v. State, 330 So.2d 800 at 801 (Fla. 1st DCA 1976), however, this court said:
The trial court is vested with broad discretion in determining the conditions of probation; however, such discretion is not unbridled. The purpose of probation is primarily to rehabilitate and not primarily to punish. A special condition of probation which is so punitive that it is unrelated to rehabilitation cannot be imposed in lieu of a sentence.
*231 In view of Walker's financial circumstances, the effect of the challenged condition "is so punitive that it is unrelated to rehabilitation." Imposition of the condition was therefore an abuse of discretion.
Reversed and remanded for resentencing.
SHIVERS and WENTWORTH, JJ., concur.