PER CURIAM.
This cause is before us on appeal challenging a special condition of probation. More specifically, the issue presented is whether the trial court erred in requiring, as a condition of probation, that the defendant purchase the property she attempted to steal.
Pursuant to a plea agreement, defendant was adjudicated guilty of two counts of grand theft and one count of petit theft. Defendant was sentenced to a three-year probation period. Incarceration for nine months was a condition of that probation. Additionally, as a rehabilitative step and not a restitution measure, Williams was required to purchase the recovered stolen property. This court, in Walker v. State, 461 So.2d 229 (Fla. 1st DCA 1984), held that the trial court abused its discretion in imposing a similar special condition of probation, and reversed and remanded that case for resentencing. The affirming of the trial court’s probation order in the case at bar merits a clarification of the holding in Walker.
Walker does not prohibit the use of rehabilitative costs as a condition of probation pursuant to Section 948.03(4), Florida Statutes (1983); however, the trial judge does not possess unbridled discretion in imposing such a condition. A special condition of probation cannot be imposed if it is so punitive as to be unrelated to rehabilitation. Kominsky v. State, 330 So.2d 800 (Fla. 1st DCA 1976).
The defendant in Walker was a 20-year-old, unemployed mother of one with a total monthly income of $178 in welfare assistance. The imposition of the special condition of probation, under the specific financial circumstances in Walker, was an abuse of discretion since the condition was so punitive as to be unrelated to rehabilitation.
*1261 The rehabilitative costs imposed in the case at bar are clearly not punitive under the specific financial circumstances of this defendant. At the sentencing hearing, Williams informed the trial court judge that she was employed and that she would repay the merchants involved for the stolen items. In that context, to require the defendant to pay $145 to the respective merchants was not an abuse of discretion. Under those circumstances, the purchase condition was properly within the trial court’s discretion.
AFFIRMED.
BOOTH, C.J., and MILLS and JOANOS, JJ., concur.