BROWNING, J.
Appellant seeks review of the trial court’s order denying attorney’s fees pursuant to section 57.105, Florida Statutes, after Appellant was voluntarily dismissed as a party below after discovery proceedings had been conducted and Appellant had pending a motion for summary judgment. Finding no factual basis for the allegations against Appellant, we reverse the trial court’s order denying attorney’s fees as an abuse of discretion.
Appellant’s husband, Stanley Davis (Davis), a bookkeeper and comptroller of Bill Williams Air Conditioning and Heating, Inc., (Appellee), confessed to Bill Williams (Williams), an officer of the corporation, owner of the corporation, and sole spokesman for the corporation and two other employees, that he had embezzled a half million dollars from Appellee. Subsequently, Appellee filed a complaint seeking damages and injunctive relief against Davis and Appellant alleging, in pertinent part, that Davis wrongfully obtained in excess of $500,000.00 from Ap-pellee, and Davis and Appellant had possession of funds taken from, or property purchased with, funds taken from Appel- *115 lee. However, when deposed, Williams testified that he had no personal knowledge or other proof to support such allegations against Appellant, but that “common sense” supports a conclusion that Appellant would know if Davis had “more than $300,000.00 a year in income,” an amount far in excess of his salary and apparent financial means. Williams also admitted that he knew Davis was having a romantic affair during the time the embezzlement occurred. Williams further testified that Davis told him Appellant did not know about the embezzled funds, but that Williams did not believe him, and instead, used “common sense” as his “guideline” in filing suit against Appellant.
Based upon Williams’ testimony, Appellee had no factual basis to support the allegations against Appellant. Filing a lawsuit with no factual basis “is a classic situation in which fees should be assessed” under section 57.105, Florida Statutes. Sykes v. St. Andrews School, 625 So.2d 1317, 1318 (Fla. 4th DCA 1993).
We are not unmindful of the hint of a conflict between this decision and the decision of the Third District relied upon by the dissent, Executive Centers of America v. Durability Seating & Interiors Inc., 402 So.2d 24 (Fla. 3d DCA 1981). However, we find a compelling difference between the facts of that case and the case at bar that supports our determination. In Executive Centers, that court was faced with a claim for attorney’s fees based solely upon evidence of a party’s entry of a voluntary dismissal without prejudice. In contrast, in the case at bar, evidence was adduced that shows Appellee’s sole basis for joining Appellant as a party is Appellant and Davis’ marriage, and not any actions of Appellant that are adverse to Appellee. To disallow fees to Appellant on these facts would sanction a denial of attorney’s fees based merely upon the marital status of a party. A party to a marriage should not be subjected to a baseless suit merely on a “common sense” approach that is determined to be factually incorrect by unrefuted evidence, as presented by Appellant in the case at bar, without receiving an award of attorney’s fees. Appellee took a chance by filing its suit against Appellant in anticipation of discovering actionable facts, and when such facts were not found, Appellee, facing a pending motion for summary judgment, took a voluntary dismissal. Because of these actions, Appellee should pay the attorney’s fees incurred by Appellant.
REVERSED and REMANDED for entry of a finding under section 57.105, Florida Statutes, and an award of attorney’s fees to Appellant.
BENTON, J., CONCURS and VAN NORTWICK, J., DISSENTS WITH OPINION.