879 So.2d 49 (2004)
Troy E. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-3426.
District Court of Appeal of Florida, First District.
July 9, 2004.
Rehearing Denied August 5, 2004.
*50 Appellant, pro se.
Charlie Crist, Attorney General; Trisha Meggs Page, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he sought to have special conditions of probation stricken from his sentence. As this claim lacks merit, we affirm.
On July 14, 1999, the appellant was sentenced to 13 years' imprisonment followed by 7 years of probation for two counts of attempted capital sexual battery that occurred on February 28, 1986. The court imposed as special conditions of probation the conditions set forth in section 948.03(5)(a), Florida Statutes (Supp.1998), relating to sex offenses. The appellant alleges that the trial court erred in imposing these conditions because the statutes in effect at the time the appellant committed his offenses did not authorize those conditions.
Although the statutory language of section 948.03(5)(a), Florida Statutes (Supp.1998), requires the imposition of these conditions for offenses committed on or after October 1, 1995, nothing in the statutory language prohibits imposing these conditions for offenses occurring prior to October 1, 1995. Indeed, section 948.03(4), Florida Statutes (1985), specifically authorizes the court to impose any conditions of probation that it considers proper. Furthermore, sentencing courts are endowed with broad discretion to impose various conditions of probation as long as they are related to rehabilitation or the protection of the public. See Kominsky v. State, 330 So.2d 800, 801 (Fla. 1st DCA 1976); Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979); Dearth v. State, 390 So.2d 108, 110 (Fla. 4th DCA 1980).
A review of the special conditions imposed in the present case reveals that each is properly related to the appellant's rehabilitation or the protection of the public in light of the appellant's convicted offenses. Because the sentencing court did not abuse its discretion in imposing these special conditions upon the appellant's probation, his claim of an illegal sentence was properly denied.
AFFIRMED.
ALLEN, VAN NORTWICK and BROWNING, JJ., concur.