898 So.2d 1100 (2005)
John KING, Appellant,
v.
The FLORIDA PAROLE COMMISSION, Appellee.
No. 1D04-2585.
District Court of Appeal of Florida, First District.
March 30, 2005.
John D. Middleton, Esquire, Melrose, for Appellant.
Bradley R. Bischoff, Assistant General Counsel, Tallahassee, for Appellee.
BENTON, J.
John King appeals the denial of the attorney's fees he sought below on grounds that the Florida Parole Commission "knew or should have known" that defenses it raised to his petition for writ of mandamus were "not ... supported by the application of then-existing law to th[e] material facts," and did not constitute "a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law." § 57.105(1)(b) & (2), Fla. Stat. (2003). We reverse.
In granting the petition for writ of mandamus, the trial court flatly rejected the Commission's interpretation of the applicable statute  and the condition of appellant's conditional release that tracked the statute  as "lack[ing] merit" and as "untenable." "In construing the provision, neither the Commission nor the court may add words which change the plain meaning of the provision," the trial court ruled. Inasmuch as appellant's offense took place several years before October 1, 1995, the trial court categorically declined the Commission's invitation to apply an amended statute which "by the very terms of the amended statute .... applies only to an `inmate who is convicted of a crime committed on or after October 1, 1995.'" § 947.1405(7)(a), Fla. Stat. (2003). The Commission did not appeal the grant of the writ.
*1101 Costs, but not fees, were awarded below. The trial court abused its discretion in denying the motion for attorney's fees, where no factual dispute existed, no reasonable (or explicit) attempt to change existing law was made, and no plausible basis for the Commission's interpretation of the controlling statute was advanced. See § 57.105(1)(b) & (2), Fla. Stat. (2003) ("[T]he court shall award a reasonable attorney's fee" where the defense "knew or should have known" that its defense would "not be supported by the application of then-existing law" and was not "a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law" with any "reasonable expectation of success.") (emphasis supplied); see also Wendy's of N.E. Fla., Inc. v. Vandergriff, 865 So.2d 520, 523-24 (Fla. 1st DCA 2003) (noting that a claim or defense is frivolous where it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law") (citation omitted); see generally Davis v. Bill Williams Air Conditioning & Heating, Inc., 765 So.2d 114, 114 (Fla. 1st DCA 2000) ("Finding no ... basis for the allegations against Appellant, we reverse the trial court's order denying attorney's fees as an abuse of discretion.").
Reversed and remanded.
ERVIN and KAHN, JJ., concur.