910 So.2d 925 (2005)
MERCURY INSURANCE COMPANY OF FLORIDA, Appellant,
v.
Ashley COATNEY, as personal representative of The Estate of Ceasar L. Coatney, Deceased, William H. Moody, Sr., and Margaret Moody, Appellees.
No. 1D04-0683.
District Court of Appeal of Florida, First District.
September 16, 2005.
Mark J. Upton of Daniell, Upton, Perry & Morris, P.A., Daphne, AL, for Appellant.
Randle D. Thompson of Kerrigan, Estess, Rankin, McLeod & Thompson, LLP, Pensacola, for Appellees William H. Moody, Sr., and Margaret Moody.
John Fishel of Boggs & Fishel, Panama City, for Appellee Ashley Coatney.
Louis K. Rosenbloum of Louis K. Rosenbloum, P.A., Pensacola, for Appellees.

ON MOTIONS FOR REHEARING OR CLARIFICATION
PER CURIAM.
Pursuant to the respective parties' motions for clarification, and appellant's motion *926 for rehearing, we withdraw the opinion issued in this cause on June 7, 2005, revise and replace the previous opinion on motions for rehearing and clarification issued on August 16, 2005, and substitute the following. We deny appellant's motion for rehearing, but grant the motions for clarification.
This is an appeal from a declaratory judgment in which the trial court ruled that an exclusion in an automobile-liability insurance policy for any loss caused while the insured is committing or attempting to commit a felony was void as against public policy, pursuant to Allstate Indemnity Company v. Wise, 818 So.2d 524 (Fla. 2d DCA 2001). Appellant, Mercury Insurance Company of Florida (Mercury), also appeals an award of attorney's fees[1] to appellees, William H. Moody, Sr., and Margaret Moody. Mercury concedes that if we affirm the declaratory judgment, the lower court's assessment of fees as to Ashley Coatney pursuant to section 627.428(1), Florida Statutes (2002), was proper, but objects to the award of fees to William H. Moody, Sr., and Margaret Moody.
Notwithstanding appellees' agreement with the position taken by Mercury as to the award of section 57.105 attorney's fees, we conclude the trial court properly exercised its discretion in this regard. In ruling on the declaratory judgment action, the trial court found the issue presented was controlled by the decision in Allstate. We agree. In the absence of a supreme court decision on point, the trial court is bound to follow decisions of the district courts of appeal, and where there is no decision on point from the district court for the subject circuit, the trial court is bound to follow precedents of other district courts of appeal. See Pardo v. State, 596 So.2d 665, 666-67 (Fla.1992). Accord Gross v. State, 765 So.2d 39, 48 (Fla.2000) (Anstead, J., concurring); Bane v. Bane, 750 So.2d 77, 78 (Fla. 2d DCA 1999). Because there was no decision from this court on point, the trial court was required to follow the Second District decision in Allstate in ruling on the declaratory judgment action.
The record in this case reflects that Mercury filed a complaint for declaratory judgment, asserting that the insurance policy issued to the insured, Ceasar L. Coatney, contained a clause excluding coverage for any loss caused while the insured is committing or attempting to commit a felony. Mercury further alleged that at the time of the accident Coatney was operating his vehicle in a manner showing that he was fleeing from or attempting to elude a law-enforcement officer in violation of section 316.1935, Florida Statutes, which is a second degree felony if the person attempting to elude a law-enforcement officer causes injury to another person.
The Moodys filed a motion for summary judgment based on the Allstate decision. The Moodys asserted the exclusionary clause on which Mercury relied to avoid coverage was void as against public policy, and further asserted that "even assuming the exclusionary clause is valid, there is no testimony, evidence, or proof that the insured's conduct fell within the language of the exclusionary clause." Thereafter, the trial court entered Final Declaratory Judgment in favor of Ashley Coatney as personal representative of the estate of Ceasar L. Coatney, and in favor of the Moodys, against Mercury Insurance Company, ruling that the exclusionary clause is void as against public policy pursuant to Allstate. The court further decided that the personal representative was entitled to recover attorney's fees and pre-judgment interest from the insurer pursuant to section *927 627.428, Florida Statutes, and awarded attorney's fees to the Moodys pursuant to section 57.105, Florida Statutes.
A trial court's determination in regard to an award of section 57.105 attorney's fees is reviewed by the abuse of discretion standard. See Davis v. Williams Air Conditioning & Heating, Inc., 765 So.2d 114 (Fla. 1st DCA 2000); Graef v. Dames & Moore Group, Inc., 857 So.2d 257, 258 (Fla. 2d DCA 2003). Under the 1999 revision of section 57.105, applicable to this case, "fees shall be awarded if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of then-existing law." Read v. Taylor, 832 So.2d 219, 222 (Fla. 4th DCA 2002) (emphasis supplied).
The appellate record does not include a transcript of the hearing on the Moodys' motion for summary judgment, which, by stipulation of the parties, was limited to the question of whether Mercury's exclusionary clause was void as against public policy. As a consequence, we have no record of the arguments presented by the respective parties at the trial court level. We note, however, that Mercury's initial brief made no reference to a "good faith effort to change existing law" theory as a basis for avoiding liability for an attorney's fee to the Moodys, pursuant to section 57.105. Although that argument was presented in Mercury's reply brief, we find it insufficient to demonstrate that the trial court's award of an attorney's fee to the Moodys constituted an abuse of discretion.[2] We therefore conclude the trial court did not abuse its discretion in awarding an attorney's fee pursuant to section 57.105, Florida Statutes (2002), to appellees William H. Moody, Sr., and Margaret Moody.
Accordingly, we AFFIRM the declaratory judgment, based on the rationale of Allstate, and similarly AFFIRM the fee award.
ERVIN, DAVIS and HAWKES, JJ., concur.
NOTES
[1] Entered pursuant to section 57.105, Florida Statutes (2002).
[2] Additionally, we do not consider issues raised for the first time in an appellant's reply brief. See Williams v. State, 845 So.2d 987, 989 (Fla. 1st DCA 2003).