985 So.2d 1213 (2008)
Lonnie GRACE, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D08-0048.
District Court of Appeal of Florida, First District.
July 11, 2008.
*1214 Deana K. Marshall of Deana K. Marshall, P.A., Riverview, for Petitioner.
Kim M. Fluharty, General Counsel, and Sarah J. Rumph, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
ROBERTS, J.
The petitioner, Lonnie Grace, seeks certiorari review of the trial court's order denying his petition for mandamus. In denying his mandamus petition, the trial court ruled that the respondent, the Florida Parole Commission (FPC), had the discretionary authority to impose special sexual offender conditions on his conditional release supervision. The petitioner argues that the trial court departed from the essential requirements of the law in not ruling that the FPC unlawfully imposed the special sexual offender conditions on him. We disagree and deny the petition for writ of certiorari on the merits.
In 1990, the petitioner was convicted of two counts of sale of cocaine and two counts of sexual battery. He was sentenced as a habitual felony offender to concurrent terms of 25 years' imprisonment. In 2005, he was released on conditional release supervision and the FPC imposed special sexual offender conditions on him based upon his 1990 sexual battery convictions. Under section 947.1405, Florida Statutes (1990), the FPC had the discretionary authority "to impose any special conditions it considered warranted from its review of the record."
In 1995, section 947.1405, Florida Statutes, was amended to require that the FPC impose special sexual offender conditions on inmates convicted of a violation of chapter 794 committed on or after October 1, 1995. The 1995 amendment did not disturb the discretionary authority previously vested in the FPC to impose "any special conditions it considered warranted from its review of the record."
Although the sexual batteries were committed before October 1, 1995, those convictions were part of the petitioner's record. As such, by imposing special conditions on the petitioner related to those convictions, the FPC was exercising its discretionary authority under section 947.1405(6), Florida Statutes (2006), not retroactively applying section 947.1405(7), Florida Statutes (1995). Although the special sexual offender conditions imposed on the petitioner are similar to the mandatory special sexual offender conditions set forth in section 947.1405(7), Florida *1215 Statutes (1995), the FPC's discretionary authority under section 947.1405(6), Florida Statutes (1990), to impose any special conditions it considers warranted based on its review of the petitioner's record was not limited in any way.
Accordingly, the petition for writ of certiorari is DENIED. The petitioner's motion for attorney's fees and costs, filed January 7, 2008, is also DENIED.
WOLF and LEWIS, JJ., concur.