997 So.2d 519 (2008)
Karl ANDERKO, Appellant,
v.
Brandy Michelle NICHOLSON, Appellee.
No. 1D08-4488.
District Court of Appeal of Florida, First District.
December 31, 2008.
H.E. Ellis, Jr. of Staples, Ellis & Associates, P.A., Pensacola, for Appellant.
Ross A. Keene of Beroset & Keene, Pensacola, for Appellee.
PER CURIAM.
In arriving at appellant's retroactive and prospective child-support obligations, the trial court in its Temporary Order found that $400.00 per month was a reasonable child-care cost. This was error because that finding cannot be squared with section 61.30(7), Florida Statutes (2007) (requiring that child-care costs be "incurred" before they can be considered for purposes of calculating a child-support obligation), and is, moreover, not supported by competent substantial evidence. See Smith v. Smith, 872 So.2d 397, 399 (Fla. 1st DCA 2004) (reversing an award of retroactive child support because the children's maternal grandmother had provided child care without any expectation of payment). We do not consider other issues directed to the child-support computation raised for the first time in appellant's reply brief. See Mercury Ins. Co. of Fla. v. Coatney, 910 So.2d 925, 927 n. 2 (Fla. 1st DCA 2005) (noting that an appellate court will not consider issues raised for the first time in a reply brief). Because of the erroneous inclusion in the child-support computation of a child-care cost, we reverse the Temporary Order.
REVERSED.
WEBSTER, DAVIS, and HAWKES, JJ., concur.