COPE, J.
 

 The question before us is whether the Florida Parole Commission
 
 [1]
 
 had the authority to impose a curfew as a condition of conditional release, where the underlying crimes were committed in 1990. We conclude that the answer is yes.
 

 Rodolfo G. Ortiz entered a guilty plea to the offense of robbery in Miami-Dade County Circuit Court case number 90-6933, as well as robbery, kidnapping, and other charges in Miami-Dade County Circuit Court case number 90-13954 (collectively “the 1990 cases”). The crime dates were February and January, 1990, respectively. Defendant-petitioner Ortiz was sentenced to nine years of incarceration. Subsequently he was released on conditional release.
 
 See
 
 § 947.1405, Fla. Stat. (1989).
 

 In 1996, the defendant committed a new crime in Miami-Dade County case number 96-41769.
 
 [2]
 
 He was found guilty at a jury trial and was sentenced to incarceration. His conditional release was revoked.
 

 The defendant states that in 2008, he was placed on conditional release for all three cases. One of the conditions was “a mandatory curfew where you shall be confined to your residence during the hours from 7:00 p.m. to 7:00 a.m., except for work, treatment needs, and religious and educational activities as verified and approved by your conditional release supervisor.”
 

 The defendant filed a petition for writ of prohibition in the circuit court, contending that the Parole Commission did not have the authority to impose a curfew on him. The trial court denied relief in Miami-Dade County Circuit Court case number 90-6933, and the defendant has appealed.
 
 [3]
 

 We first address a procedural issue. We agree with the Parole Commission that a petition for a writ of prohibition is an incorrect remedy. The defendant is complaining about an action which has already taken place: the inclusion of a curfew as a condition of his conditional release. Prohibition “cannot be used to revoke an order already entered.”
 
 State ex rel. Sarasota County v. Boyer,
 
 360 So.2d 388, 392 (Fla.1978).
 

 
 *943
 
 The Parole Commission explains that judicial review of Commission action is usually accomplished through a petition for writ of mandamus or habeas corpus. “[Rjeview of the Commission’s orders remains available by petitions for habeas corpus or mandamus filed in the circuit court.”
 
 Richardson v. Fla. Parole Comm’n,
 
 924 So.2d 908, 910 (Fla. 1st DCA 2006). The Commission acknowledges that such a petition can be utilized to challenge a condition imposed by the Commission. We therefore disagree with the order entered below, insofar as it reasoned that the trial court was without jurisdiction to review the legality of a condition imposed as part of a conditional release order.
 

 The defendant filed a notice of appeal. The Florida Supreme Court has explained that in this circumstance, the correct procedure for review in this court is certiorari.
 
 Sheley v. Fla. Parole Comm’n,
 
 720 So.2d 216, 217 (Fla.1998);
 
 Grace v. Fla. Parole Comm’n,
 
 985 So.2d 1213, 1214 (Fla. 1st DCA 2008). We therefore treat the notice of appeal as a petition for writ of certiora-ri.
 
 [4]
 

 Turning to the merits, we reject the defendant’s argument on authority of the
 
 Grace
 
 decision, which explains that the Commission’s discretionary authority for imposition of special conditions is found in subsection 947.1405(6), Florida Statutes (1990).
 
 Grace,
 
 985 So.2d at 1214-15.
 

 The defendant also argues that the Commission was without authority to place him on conditional release, and maintains that he has completed his sentence. That argument is without merit. The conditional release program was in effect at the time the defendant committed his crimes in 1990. Under section 947.1405, Florida Statutes (1989), release on conditional release is mandatory for inmates who qualify.
 
 See Duncan v. Moore,
 
 754 So.2d 708, 710-11 (Fla.2000).
 

 The defendant relies on
 
 Starling v. Florida Parole Comm’n,
 
 959 So.2d 753 (Fla. 1st DCA 2007), and
 
 King v. Florida Parole Comm’n,
 
 898 So.2d 1100 (Fla. 1st DCA 2005). Those cases are not on point. In those cases the defendants claimed that the Parole Commission imposed the terms of subsection 947.1405(7), Florida Statutes, on defendants who committed their crimes prior to the effective date of subsection 947.1405(7). Neither case involved the question now before us, namely, whether the Commission has discretionary authority to impose special conditions under subsection 947.1405(6), Florida Statutes (1990). The Commission had the authority to enter the order now before us. For the stated reasons, we deny the petition for writ of certiorari on the merits.
 

 Certiorari denied.
 

 [1]
 

 . On the Court’s own motion, the court amends the style of the case to reflect that the Florida Parole Commission is the respondent.
 

 [2]
 

 . According to the Department of Corrections website, the 1996 offenses were possession of cocaine and resisting an officer with violence.
 

 [3]
 

 .The defendant filed the petition in all three of his circuit court cases. Three denial orders were entered, because each of the defendant’s cases was before a different circuit judge. The present appeal involves only the order in No. 90-6933.
 

 [4]
 

 . By interim order this court initially treated the notice of appeal as a petition for writ of prohibition, but pursuant to
 
 Sheley,
 
 we now treat the notice of appeal as a petition for writ of certiorari.