SILBERMAN, Judge.
 

 We affirm the order summarily denying Ruben Velez’s postconviction motion that he styled as a motion for clarification. We write only to address the application of
 
 *809
 
 section 947.1405(7), Florida Statutes (1995), which concerns conditional release supervision.
 

 Velez correctly contended that the 1995 version of section 947.1405(7), which provides for mandatory special conditions of conditional release supervision for inmates who meet certain criteria, does not apply to his 1990 offense. However, section 947.1405(6), Florida Statutes (Supp.1990), provides that “the commission shall conduct a review of the inmate’s record for the purpose of establishing the terms and conditions of the conditional release. The commission may impose any special conditions it considers warranted from its review of the record.” Thus, the Florida Parole Commission has discretionary authority to impose special conditions as part of an inmate’s conditional release pursuant to section 947.1405(6).
 
 See Grace v. Fla. Parole Comm’n,
 
 985 So.2d 1213, 1214 (Fla. 1st DCA 2008) (determining that pursuant to section 947.1405(6), Florida Statutes (Supp.1990), the Florida Parole Commission “had the discretionary authority to impose special sexual offender conditions on [the petitioner’s] conditional release supervision”);
 
 see also Ortiz v. Fla. Parole Comm’n,
 
 15 So.3d 941, 942 (Fla. 3d DCA 2009) (determining that “the Florida Parole Commission had the authority to impose a curfew as a condition of conditional release, where the underlying crimes were committed in 1990”) (footnote omitted).
 

 Affirmed.
 

 FULMER and DAVIS, JJ., Concur.