GROSS, C.J.
We reverse a portion of appellant’s sentence because a special condition of probation preventing a mother from having any contact with her daughter was an abuse of discretion under the facts of this case.
Rose Spano entered pleas of guilty to two counts of practicing law after she had been suspended from the practice in violation of section 454.31, Florida Statutes (2008). She was placed on one year of community control followed by three years of probation. In March, 2009, after admitting a material violation of community control, she was again placed on one year of community control followed by three years of probation.
One of the conditions of community control was that Spano remain confined to her residence except for 80 minutes before and after approved employment, community service work, or any other activities approved by the community control officer. In June, 2009 the officer filed an affidavit of violation; the crux of the charge was that Spano had requested that she be allowed to visit her daughter, her supervising officer said no, but Spano visited her daughter anyway.
Spano and her daughter had a difficult relationship. At one point, there was no contact between them because the daughter had obtained a restraining order against Spano. After hearing evidence, the trial court ruled that Spano had committed a willful and substantial violation of her community control.[1] The court again withheld adjudication of guilt and sentenced Spano to one year of community control followed by three years of probation. As a special condition, the court ordered that Spano have no direct or indirect contact with her daughter. Spano filed a motion to correct a sentencing error challenging the imposition of the special condition, but the trial court did not rule on it, so it is deemed denied. See Fla. R.Crim. P. 3.800(b)(2)(B).
The trial court abused its discretion in imposing a special condition that Spano have no contact with her daughter. See Williams v. State, 879 So.2d 49, 50 (Fla. 1st DCA 2004) (applying abuse of discretion standard to “[a] review of the special conditions imposed”). The discretion to impose a special condition of probation or community control “is not unbridled.” Kominsky v. State, 330 So.2d 800, 801 (Fla. 1st DCA 1976). Thus,
[i]n determining whether a [special] condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.
Rodriguez v. State, 378 So.2d 7, 9-10 (Fla. 2d DCA 1979) (citations omitted), approved, Biller v. State, 618 So.2d 734, 734-35 (Fla.1993); see Zeigler v. State, 647 So.2d 272, 273-74 (Fla. 4th DCA 1994). The rationale behind these limitations is that “[a] special condition of probation cannot be imposed if it is so punitive as to be unrelated to rehabilitation.” Williams v. State, 474 So.2d 1260, 1260 (Fla. 1st DCA 1985) (citing Kominsky, 330 So.2d at 801-02).
*1110 If at least one of the Rodriguez conditions exists, then a special condition of probation may be upheld. “While the [sentencing] judge need not make a finding, a special condition of probation, when challenged on grounds of relevancy, will only be upheld if the record supports at least one of the circumstances outlined in Rodriguez.” Biller, 618 So.2d at 735; see also Fernandez v. State, 677 So.2d 332, 334 (Fla. 4th DCA 1996) (same).
Here, the special condition is not “reasonably related” to practicing law after suspension. Carter v. State, 677 So.2d 1349, 1350 (Fla. 4th DCA 1996) (holding in part that a special condition requiring AA meetings where defendant’s crime of grand theft was not “reasonably related to the use of intoxicants”). Establishing contact with one’s own child is not a criminal act, in the absence of a restraining order. Although the third Rodriguez factor is closer, we cannot say that Spano’s desire to maintain contact with her daughter is an invitation to future criminality. The daughter may have good reasons for wanting Spano out of her life, but a community control violation proceeding arising from an incident unrelated to the mother-daughter relationship is not the proper forum to bring closure to the relationship. Nothing in the record supports the imposition of the condition as being “reasonably related to [the] defendant’s rehabilitation.” Zeigler, 647 So.2d at 274.
We reverse in part, affirm in part, and remand to the circuit court for the striking of the special condition of probation.
HAZOURI and CIKLIN, JJ., concur.

. In the other point on appeal, we find no abuse of discretion in the trial judge's finding of a community control violation.