PER CURIAM.
J.H. and C.H. (“appellants”) appeal the Juvenile Disposition Orders adjudicating each of them guilty of first-degree felony arson of a dwelling, contrary to section 806.01(l)(a), Florida Statutes, arguing the trial court erred in denying their motion for a judgment of dismissal of the charged offense. We review this issue de novo. See J.W.J. v. State, 994 So.2d 1223, 1224 (Fla. 1st DCA 2008). Because we conclude the evidence failed to negate appellants’ reasonable hypothesis of innocence that the incident was purely accidental, we reverse the trial court’s denial of the motion and remand with directions that in lower court case numbers 2011-CJ-695 and 2011-CJ-696, appellants are to be discharged. See T.E. v. State, 701 So.2d 1237 (Fla. 3d DCA 1997).
Simultaneous to their adjudications and sentencing in the above two cases, in case numbers 2011-CJ-698 and 2011-CJ-699, appellants were found guilty of, and were sentenced for, criminal mischief. Appellants now challenge the legality of two *1250 of the conditions of probation that were imposed in all four cases. We affirm one of the conditions without further comment, but conclude the state properly conceded error as to that condition prohibiting appellants from participating in organized sports, as not being “reasonably related to rehabilitation.” Stephens v. State, 659 So.2d 1303, 1304 (Fla. 1st DCA 1995).
AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.
DAVIS, RAY, and SWANSON, JJ., concur.