DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DEREK KNUDSON,**
Appellant,

v.

**MONIQUE DROBNAK,**
Appellee.

No. 4D13-3714

[September 17, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Paul B. Kanarek, Judge; L.T. Case No. 312011DR001170.

Roger Levine and Amy D. Shield of Amy D. Shield, P.A., Boca Raton, and Charles A. Sullivan of Sullivan & Sullivan, Vero Beach, for appellant.

No brief filed on behalf of appellee.

CIKLIN, J.

Derek Knudson ("father") appeals from an order modifying child support. He raises multiple issues on appeal, only one of which warrants reversal. The father asserts that the trial court's calculation of arrearages erroneously included childcare costs not actually incurred by Monique Drobnak ("mother"). Because the record confirms the father's contention, we reverse and remand for the trial court to recalculate the arrearages.

Some years after the parties' marriage was dissolved, the father petitioned for a modification of his child support obligation based on a reduction in his income. During the hearing on the father's petition, the mother testified that she was unemployed for a six-month period ending in December 2012. Additionally, an exhibit the mother submitted at trial reflected that because she was not working outside of the home, she incurred no child care costs between June 2012 and November 2012.

The court found a substantial change in circumstances and reduced

the father's child support obligation retroactive to April 2012. The mother's childcare expenses were included in the court's calculation of the modified child support obligation. However, the order on appeal contains no indication that the father's arrearages were credited for the period of time the mother did not actually incur childcare expenses. It was error for the trial court to include in the arrearages childcare expenses that were not incurred by the mother. *See* § 61.30(7), Fla. Stat. (2011) (requiring, for certain purposes, "incurred" childcare costs to be added to the basic obligation in calculating child support); *G.S.P. v. K.B.*, 30 So. 3d 667, 669-70 (Fla. 2d DCA 2010) (remanding to trial court to adjust child support obligation in modification order where evidence reflected that child support amount included childcare costs that were not incurred after a specified date); *Anderko v. Nicholson*, 997 So. 2d 519 (Fla. 1st DCA 2008) (finding error in award of childcare costs in the absence of evidence they were incurred).

Accordingly, we remand to the trial court to recalculate the arrearages, subtracting childcare expenses for the months the mother did not incur them. In all other respects, we affirm.

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS and MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2