DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.R.M.,** A Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D17-832, 4D17-833, 4D17-835 and 4D17-836

[October 18, 2017]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case Nos. 16CJ002765ASB, 16CJ002766ASB, 16CJ002768ASB and 16CJ002769ASB

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

Special conditions of a juvenile disposition order are challenged in this appeal. A juvenile argues the trial court erred in imposing three special conditions to his probation. We agree in part, reverse in part, and remand.

The State charged the juvenile in five separate cases with a variety of crimes. The trial court withheld adjudication for trespass, attempted robbery of a conveyance, attempted burglary of a structure or conveyance, battery on a law enforcement officer, and burglary of a conveyance. The State nolle prossed additional charges. The cases have been consolidated for this appeal.

The juvenile's predisposition report provided a comprehensive evaluation of him. He had a 2.8 GPA, never failed a class, and was not associated with any gangs. He played football in high school and hoped for a college football scholarship. He had substance abuse issues and unresolved family issues. Sports played a big role in his life. The report

classified him as a moderate risk to reoffend.

The Department of Juvenile Justice [DJJ] recommended probation, an 8:00 p.m. curfew, no contact with the victims, their families, or their property, monthly drug testing, apology letters, and 50 hours of community service. The DJJ also recommended family counseling, individual therapy, substance abuse counseling, and that he continue his involvement in team sports.

At the disposition hearing, the trial court withheld adjudication and placed the juvenile on probation. The court ordered him NOT to play sports over defense counsel's objection and reminder of the DJJ recommendation. After the juvenile told the court about his recent success in track and his upcoming football game, the court stated:

> Here's my problem . . . , I think sports [are] supposed to teach you a great deal about life, you know, what you're supposed to do, what you're not supposed to do and when you let other people down.
>
> And I think it does se[nd] an incredibly awful message to people to say that we can do things that are wrong and still be allowed to play our sports.
>
> I'm going to take away your sports. That's your punishment. Do you understand?
>
> I want you to play sports. So you can show me that you're on the honor ro[ll], I'll give you back your sports. So you have to get A's and B's [this semester].

The court added that if the juvenile skipped a class, was absent, or was tardy, the juvenile would not be allowed to play sports.

The trial court next asked what the juvenile would be doing during the summer, and his mother replied that they were going to find him a job. The court then ordered the child to attend his courtroom every Friday from June 9th until August 11th from 8:30 in the morning until the close of court. "I'm going to put my eyeballs on you every single Friday. You're going to come to court, you'll be dressed like a gentlem[a]n, you'll be respectful."

Defense counsel objected. But, the trial court imposed the Friday attendance, suggested the juvenile may be randomly drug tested, and

2

required successful completion of substance abuse counseling and an anti-theft course. The juvenile subsequently moved to correct the disposition orders. No order was entered before the expiration of thirty days. The juvenile did file a supplemental record containing one corrected disposition order.

On appeal, the juvenile argues the disposition order contains illegal terms and conditions of probation, which must be struck. He argues the required attendance at court every Friday violates judicial neutrality, is not clearly related to a legitimate sentencing goal, interferes with his opportunity for employment, creates supervision issues for the court and DJJ, and violates due process. He next argues the condition preventing him from playing sports until he makes the honor roll violates the goal of rehabilitation and imposes a condition outside of his control. He also disputes a third condition that he complete both a substance abuse and an anti-theft course. He requests a reversal and remand for the trial court to strike these conditions.

The State responds that the juvenile failed to preserve the disposition order issues. In any event, the State argues a remand should be limited to striking the court attendance condition. It suggests the other two conditions—making honor roll prior to playing sports and completing substance abuse and anti-theft courses—are reasonably related to his rehabilitation.

We review a trial court's imposition of special conditions of probation for an abuse of discretion. *Spano v. State*, 60 So. 3d 1108, 1109 (Fla. 4th DCA 2011).

Here, defense counsel's objection to the special conditions at the disposition hearing and the subsequent motion to correct the disposition order sufficiently preserved the disposition order issues. *See Larson v. State*, 572 So. 2d 1368, 1370 (Fla. 1991) ("[T]he reasons underlying the contemporaneous objection rule are inapplicable to the conditions of probation *if those conditions in fact are illegal*."); *E.S.B. v. State*, 822 So. 2d 579, 580 n.1 (Fla 1st DCA 2002) ("Appellant's utilization of rule 8.135(b)(2) preserved this issue for appellate review.").

"The discretion to impose a special condition of probation or community control is not unbridled." *Spano*, 60 So. 3d at 1109 (internal quotation omitted). A condition of probation "is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." *Id.* (quoting *Rodriguez v. State*,

3

378 So. 2d 7, 9-10 (Fla. 2d DCA 1979)).

The trial court ordered the juvenile's attendance at court every Friday during summer after being notified that the juvenile was going to look for a job. Not only did the condition limit his job opportunities, it did not meet any of the special condition factors. There is no relationship between the crimes committed and the condition. Nor is it related to future criminality. It is not reasonably related to his rehabilitation. The condition should be stricken.[1]

*J.H. v. State*, 107 So. 3d 1249, 1249 (Fla. 1st DCA 2013) is persuasive concerning the court's prohibiting of the juvenile's participation in sports. There, the First District struck a condition prohibiting a juvenile from participating in sports because it was not reasonably related to rehabilitation. *Id.* at 1250. Here, the trial court sought to keep the juvenile busy. Removing him from sports does not meet this goal.

Without further comment, we find the other conditions imposed reasonably related to the crime and the juvenile's rehabilitation.

In his last issue, the juvenile argues the disposition orders are inconsistent with the executed plea forms. The State agrees. In case 16-CJ-002768, the disposition order should reflect trespass of a conveyance with a $50 cost of prosecution. In case 16-CJ-002766, the disposition order should reflect burglary of an unoccupied conveyance, and the second charge, which was nolle prossed, should be petit theft over $100—not grand theft of a motor vehicle.

The trial court attempted to correct one disposition order, but the effort came too late. The juvenile filed his motion to correct on May 26, 2017; the trial court filed its corrected disposition order on July 31, 2017, after it lost jurisdiction. Fla. R. Juv. P. 8135(b)(1)(B), (b)(2)(B). And, the supplemental record did not contain a corrected disposition order for case number 50-2016-CJ-002766, regardless of its date.

We therefore reverse and remand the case for the court to strike two of the special conditions imposed and to correct the disposition orders.

*Reversed in part and remanded.*

TAYLOR and KUNTZ, JJ., concur.

---

[1] We note this condition was for the summer of 2017 and is no longer in effect. That does not however convert an invalid condition into a valid one.

\*     \*     \*

*Not final until disposition of timely filed motion for rehearing.*