# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5063

_____

CHARLES W. BURNSED,

    Petitioner,

    v.

FLORIDA COMMISSION ON
OFFENDER REVIEW,

    Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

November 27, 2018

B.L. THOMAS, C.J.

This petition for writ of certiorari seeks review of an order denying a petition for writ of habeas corpus. Petitioner raises four arguments, three of which were not raised below, and which we therefore will not discuss. Our review is limited to a determination of whether the circuit court afforded due process and whether it observed the essential requirements of law. *See Sheley v. Fla. Parole Comm'n*, 720 So. 2d 216 (Fla. 1998). We deny the petition.

Petitioner is an inmate in the custody of the Department of Corrections. In 1997, he entered a plea to attempted capital sexual battery and four counts of handling or fondling a female

child under the age of sixteen. The parties stipulated to an offense date of 1991. The trial court declared Petitioner a sexual predator, but, in light of the stipulation, the Second District subsequently reversed that declaration, finding that the sexual predator statute specifically applied only to convictions for crimes committed on or after October 1, 1993. *See Burnsed v. State*, 743 So. 2d 139 (Fla. 2d DCA 1999).

Petitioner was released onto conditional release for the first time in 2010 and his supervision was to last until 2026. The Florida Commission on Offender Review imposed 30 conditions of release, including special condition 28, which mandated that Petitioner was not to access the internet "until your sex offender treatment program has completed a risk assessment and approves and implements a safety plan for your access to the internet." Petitioner signed these conditions, but included the caveats "under 947.1405 my offense date is 1991 I am not subject to these conditions." From 2010 to 2015, Petitioner was alleged to have violated the conditions of his conditional release six times. Each time, the Commission elected to continue his conditional release supervision.

In April of 2016, the Commission issued a warrant alleging that Petitioner twice violated special condition 28 by accessing the internet on his cell phone to search "Kowasaki." Petitioner entered a plea of guilty, and a Commission Investigator recommended that supervision be reinstated. Instead, the Commission voted to revoke Petitioner's conditional release.

Petitioner challenged the revocation of his conditional release by filing a petition for writ of habeas corpus in the circuit court. In the petition, he argued that he had been placed on conditional release for crimes he never committed. He also asked the circuit court to "offer an opinion" on the mandatory language in section 947.1405, Florida Statutes, noting that in *Biller v. State*, 618 So. 2d 734 (Fla. 1993), the Florida Supreme Court found that conditions imposed as part of probation must be related to the offense.

Petitioner first argues to this Court that the Commission violated his due process by imposing special conditions of conditional release that applied to sexual predators. He argues

2

that because he committed his offenses in 1991 and is not a sexual predator, section 947.1405(7), Florida Statutes, which requires the imposition of special sexual offender conditions for offenses committed after 1995, cannot apply to him. This Court rejected this argument in *Grace v. Florida Parole Commission*, 985 So. 2d 1213, 1214-15 (Fla. 1st DCA 2008), where we found that "[a]lthough the special sexual offender conditions imposed on the petitioner are similar to the mandatory special sexual offender conditions set forth in section 947.1405(7), Florida Statutes (2005), the FPC's discretionary authority under section 947.1405(6), Florida Statutes (1990), to impose any special conditions it considers warranted based on its review of the petitioner's record was not limited in any way." As in *Grace*, here the Commission had the discretion to impose any special conditions it deemed warranted, including special condition 28. *See also Velez v. State*, 23 So. 3d 808 (Fla. 2d DCA 2009).

Petitioner also argues that the special terms and conditions had no relationship to the crime for which he was convicted, citing *Spano v. State*, 60 So. 3d 1108 (Fla. 4th DCA 2011). Even if we agreed with Petitioner's characterization of the special conditions imposed, *Spano* is not applicable here; in that case, the Fourth District struck a special condition of *probation*, applying the rule that "'[a] special condition of probation cannot be imposed if it is so punitive as to be unrelated to rehabilitation.'" *Id.* at 1109 (quoting *Williams v. State*, 474 So. 2d 1260, 1260 (Fla. 1st DCA 1985)). *See also Biller*, 618 So. 2d 734. The restrictions on special conditions of probation do not apply to special conditions of conditional release. By statute, the Commission may impose any special conditions it deems warranted after a review of an offender's record. *See* § 947.1405(6), Fla. Stat. (1990) ("The commission may impose any special conditions it considers warranted from its review of the release plan and recommendation.").

DENIED.

MAKAR and WINSOR, JJ., concur.

3

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Charles W. Burnsed, pro se, Petitioner.

Rana Wallace, General Counsel, Commission on Offender Review, Tallahassee, for Respondent.