# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

—————————————————

No. 1D17-5063

—————————————————

CHARLES W. BURNSED,

　　Petitioner,

　　v.

FLORIDA COMMISSION ON
OFFENDER REVIEW,

　　Respondent.

—————————————————

Petition for Writ of Certiorari—Original Jurisdiction.


August 9, 2019


ON MOTION FOR REHEARING AND REHEARING EN BANC

PER CURIAM.

　　We deny Petitioner's motion for rehearing and rehearing en banc but write to address one of Petitioner's arguments. In one ground of the motion, Petitioner argues that this Court erred in failing to consider *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017), which he submitted as supplemental authority. He argues that the case established that denying sex offenders access to the internet is an unconstitutional denial of his First Amendment right to free speech.

We disagree with Petitioner's analysis of *Packingham*. The statute at issue in that case made it a felony for a registered sex offender "to access a commercial social networking Web site where the sex offender knows that the site permits minor children to become members or to create or maintain personal Web pages." 137 S. Ct. at 1733. Packingham was indicted for violating this statute and moved to dismiss on grounds that the charge against him violated the First Amendment. *Id.* at 1734. The United States Supreme Court found the law was invalid, as it prevented sex offenders from engaging in the legitimate exercise of their First Amendment rights, and the government had not met its burden to show that the law was necessary or legitimate to serve its purpose. *Id.* at 1737.

The law at issue in *Packingham* applied to sex offenders who had finished serving their sentences, and a violation of the statute was a felony offense. In contrast, the prohibition at issue in the present case was a condition of Petitioner's conditional release. Federal courts have declined to find that the reasoning in *Packingham* applies to conditions of supervised release. *See United States v. Carson*, 924 F.3d 467, 473 (8th Cir. 2019) (citing cases). *See also United States v. Knights*, 534 U.S. 112, 119 (2001) ("Inherent in the very nature of probation is that probationers 'do not enjoy "the absolute liberty to which every citizen is entitled."' Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." (citations omitted)).

The Supreme Court's decision in *Packingham* does not change our conclusion that the Commission had discretionary authority to impose any conditions of conditional release that it deemed warranted. *See Grace v. Fla. Parole Comm'n*, 985 So. 2d 1213, 1214-15 (Fla. 1st DCA 2008).

All of Petitioner's motions are otherwise denied, and the Commission's motion to strike is denied as moot.

RAY, C.J., and B.L. THOMAS and MAKAR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Charles W. Burnsed, pro se, Petitioner.

Rana Wallace, General Counsel, Commission on Offender Review, Tallahassee, for Respondent.